[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

No. 04-15050
Non-Argument Calendar

_____

D.C. Docket No. 93-04056-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEO LORENZO SULLIVAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(August 31, 2005)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

In 1994 Leo Lorenzo Sullivan was sentenced to 248 months total imprisonment for bank robbery, in violation of 18 U.S.C. § 2113, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924. Relevant here, Sullivan was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 based on prior state felony convictions. One of those prior state felony convictions has since been vacated by the state courts. Seeking to be resentenced in the federal courts without the career-offender enhancement, Sullivan filed a 28 U.S.C. § 1651 petition and a request for resentencing under 18 U.S.C. § 3559(c)(7). The district court denied relief.

Because Sullivan's § 1651 motion is an impermissible second or successive 28 U.S.C. § 2255 motion, we denied a certificate of appealability as to this claim. Sullivan has nonetheless argued the merits of his motion on appeal. We do not address those arguments. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[W]e hold that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

A COA was not required for Sullivan to appeal the district court's denial of relief under § 3559(c)(7). It is to that issue we now turn.

Whether a district court has jurisdiction to resentence a defendant is a legal question subject to plenary review. See United States v. Diaz-Clark, 292 F.3d

1310, 1315 (11th Cir. 2002) (addressing whether a district court has "inherent power" to correct an illegal sentence).

Section 3559(c)(7), on which Sullivan relies, provides: "If the conviction for a serious violent felony or serious drug offense <u>that was a basis for sentencing under this subsection</u> is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of the original sentencing." 18 U.S.C. § 3559(c)(7) (emphasis added).

Section 3559(c)(7) provides for resentencing only if one was sentenced "under this subsection." <u>See</u> § 3559(c)(7).  Sullivan was not sentenced under this subsection, i.e., § 3559(c).  His career offender enhancement was based solely on U.S.S.G. § 4B1.1.  Because Sullivan's recently-vacated state conviction was not a basis for sentencing him under § 3559(c) and because § 3559(c)(7) provides for resentencing only if one was sentenced "under this subsection,"  Sullivan is not entitled to relief under § 3559(c)(7).

One more matter requires attention.  Sullivan has filed a motion to supplement the record on appeal to include a copy of the government's response in

3

United States v. Johnson, No. 95-377, a case filed in the Eastern District of Louisiana.  That document is irrelevant to whether Sullivan is entitled to relief in this case.  We will deny his motion to supplement the record.

The district court's order denying Sullivan § 3559(c)(7) relief is **AFFIRMED**.   Sullivan's motion to supplement the record on appeal is **DENIED**.