[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 2, 2006
THOMAS K. KAHN
CLERK

No. 06-10367
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 04-00453-CV-3-RS-MD

HUBERT BABB,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,

Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

**(October 2, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Hubert Babb, a Florida prisoner proceeding pro se, appeals the district

court's denial of his habeas corpus petition, 28 U.S.C. § 2254, challenging his life

sentence for capital sexual battery, sexual battery, and lewd and lascivious assault upon a child.[1] Babb received a certificate of appealability ("COA") on whether his trial counsel, Greg Farrar, was constitutionally ineffective for failing to strike juror Tonya Edwards.[2] No reversible error has been shown; we affirm.

We review the final state judgment on Babb's claims pursuant to 28 U.S.C. § 2254. To obtain habeas relief, Babb must demonstrate that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). This standard requires the application of federal law "to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 124 S.Ct. 1, 4 (2003). An unreasonable application of clearly established federal law occurs when the "state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the [petitioner's] case," or "either

_____

[1]The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") governs this case because Babb filed his section 2254 petition after the AEDPA's effective date.

[2]On appeal Babb offers argument on issues beyond the scope of his COA. Because we previously denied Babb's motion to expand his COA, we decline to consider these arguments. See 28 U.S.C. § 2253; Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (explaining that under the AEDPA, appellate review is limited to the issues specified in petitioner's COA).

unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 120 S.Ct. 1495, 1520 (2000).

In this case, the Florida courts correctly identified Strickland v. Washington, 104 S.Ct. 2052 (1984), as the Supreme Court decision providing controlling legal authority for ineffective assistance of counsel claims. To prevail on such a claim, "petitioner must prove both incompetence and prejudice by showing that (1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Zakrzewski v. McDonough, 455 F.3d 1254, 1258 (11th Cir. 2006) (quoting Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc)).

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance"; instead, our role is to conduct an objective inquiry and determine whether "counsel's performance [was] 'reasonable[ ] under prevailing professional norms.'" Chandler, 218 F.3d at 1313 (quoting Strickland, 104 S.Ct. at 2065). Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314 (quoting

Strickland, 104 S.Ct. at 2065). "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. (internal quotation and alteration omitted). "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Id. (quoting Darden v. Wainwright, 106 S.Ct. 2464, 2474 (1986)). To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

Babb argues that he received ineffective assistance of counsel at his trial, in violation of the Sixth Amendment, because Farrar did not strike Edwards from Babb's jury after Edwards indicated during voir dire that, eight years earlier, she or someone close to her had experienced sexual and physical abuse and that she might not be able to be fair and impartial. Babb asserts that Farrar's decision to leave Edwards on the jury was not objectively reasonable; and he was prejudiced by that decision because Edwards's presence on the jury could have influenced other jurors. In addition, Babb contends that, even if Farrar made a tactical decision to keep Edwards on the jury, allowing a biased juror to serve on a jury is per se ineffective assistance of counsel.

4

At an evidentiary hearing held on Babb's ineffective assistance claim, Farrar testified that it was his usual practice to engage his clients in jury selection and that he believed he did so with Babb. Farrar also reviewed his voir dire worksheet and the transcript of the voir dire proceedings and testified that he wanted a jury with many independent thinkers in Babb's case. In addition, Farrar testified that he considered Edwards's previous service on a hung jury to be significant. Farrar also stated that, although he noted on his voir dire seating chart that Edwards was a victim -- given the general jury pool in Babb's case Edwards -- may have fallen within the acceptable range.

Given the strong presumption that Farrar's conduct was reasonable, Babb has failed to establish that Farrar's failure to strike Edwards from the jury was an act that no competent counsel would have taken. See Chandler, 218 F.3d at 1314-15. Therefore, we conclude that the state court's decision -- that Babb's counsel was not deficient -- did not involve an objectively unreasonable application of federal law.[3] Even though the state court noted that the logic of Farrar's decision was debatable, the evidence in the record does not support a

_____

[3]Because Babb did not establish that Farrar was deficient, it is not necessary for us to address whether Babb was prejudiced by Farrar's representation. See Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) ("It is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure with respect to either prong constitutes a failure to demonstrate ineffective assistance of counsel.").

5

finding that the state court's decision was contrary to, or an unreasonable application of, Strickland. And the Supreme Court has not concluded that a lawyer who leaves an arguably biased juror on a jury is per se ineffective.

To the extent that Babb contends that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented," Babb has not met his burden of proving by clear and convincing evidence that the state court's factual finding -- that Farrar made a strategic decision in keeping Edwards on the jury -- was incorrect. See 28 U.S.C. § 2254(d)(2), (e)(1). A state court's determinations of fact are "presumed to be correct"; and Babb does not present evidence, much less clear and convincing evidence, that the state court's decision in this case was based on an unreasonable factual determination. See id.

Therefore, we affirm the denial of Babb's 28 U.S.C. § 2254 petition.

AFFIRMED.