[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2007
THOMAS K. KAHN
CLERK

No. 06-13851
Non-Argument Calendar

_____

D. C. Docket Nos.
04-08015-CV-4-CLS-TMP & 01-00168-CR-CLS

ALTON RUMLEY DUBOSE, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 9, 2007)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Alton Rumley Dubose, Jr., appeals the district court's denial of his counseled motion to vacate, under 28 U.S.C. § 2255. Dubose filed his motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat 1214 (1996). Therefore, the provisions of the AEDPA govern this appeal. The district court granted a certificate of appealability ("COA") with respect to the following issue:

> Whether, on November 29, 2001 (the date of movant's sentencing), it was ineffective assistance of counsel, in violation of the Sixth Amendment, for movant's attorney to fail to object on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000), to findings of fact being made by the sentencing court (rather than a jury) in connection with sentencing under the United States Sentencing Guidelines.

On appeal, Dubose argues that his trial and appellate counsel provided ineffective assistance by failing to raise such an argument.[1] For the reasons set forth more fully below, we affirm.

We review an ineffective assistance of counsel claim de novo. Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc). In order to prove ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that he was prejudiced as a result. Strickland v.

_____

[1] Based on the COA's limitation to counsel's actions on the date of sentencing, the COA does not encompass the issue of appellate counsel's effectiveness. Because appellate review is limited to the issues specified in the COA, we do not consider Dubose's claim of ineffective assistance of appellate counsel. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001). "We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). This inquiry is objective and we "must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'" Chandler, 218 F.3d at 1315-16 (citation omitted). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

The premise of Dubose's arguments on appeal is that counsel provides constitutionally ineffective assistance when he or she fails to reasonably anticipate and argue favorable trends in constitutional law, even if those trends are not the law at that time. He contends that, in these circumstances, the standard for whether there is cause for procedural default set forth in Engle v. Issac, 456 U.S. 107, 134, 120 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982) ("Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that

3

claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default."), should also govern the determination of deficient performance in an ineffective assistance claim.

We have previously rejected the argument that, if there does not exist cause for the failure to raise a claim in the context of procedural default, such a failure constitutes ineffective assistance of counsel. Pitts v. Cook, 923 F.2d 1568, 1571-74 (11th Cir. 1991). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688, 104 S.Ct. at 2065. "We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'" Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) (citations omitted) (alteration in original). "To be effective within the bounds set by Strickland, an attorney need not anticipate changes in the law. Similarly, counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit." Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (citations omitted).

At the time of Dubose's sentencing on November 29, 2001, our controlling precedent held that Apprendi did not apply to the Sentencing Guidelines, but was

4

only applicable to facts that increase a sentence above the applicable statutory maximum. United States v. Sanchez, 269 F.3d 1250, 1262-63 (11th Cir. 2001) (en banc), abrogation recognized by United States v. Duncan, 400 F.3d 1297 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005). We hold that Dubose's trial counsel's failure to advance an argument premised on the ground that the Supreme Court would apply Apprendi to the Guidelines does not constitute ineffective assistance of counsel. Spaziano, 36 F.3d at 1039; Jackson, 42 F.3d at 1359.

In light of the foregoing, the district court's denial of Dubose's § 2255 motion is

**AFFIRMED.**