[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13475
Non-Argument Calendar

_____

D. C. Docket No. 06-00556-CV-T-26-EAJ

DAVID LARA NUNEZ,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 19, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

David Lara-Nunez, a Florida prisoner proceeding <u>pro se</u>, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-32, 110 Stat. 1214 (1996), governs this appeal because Nunez filed his motion after the effective date of the AEDPA. We granted a certificate of appealability ("COA") on the following issue only: "Whether the district court failed to review Nunez's contention that he received ineffective assistance of counsel when his attorney failed to negotiate a plea agreement, in violation of <u>Clisby v. Jones</u>, 960 F.2d 925, 935-36 (11th Cir. 1992) (<u>en banc</u>)." For the reasons set forth more fully below, we vacate the district court's denial of Nunez's § 2254 petition and remand for further proceedings.

Nunez, who is serving a 15-year sentence for aggravated battery, filed <u>pro se</u> a 28 U.S.C. § 2254 habeas corpus petition in the district court, raising the following 17 grounds for relief: (1) the trial court erred in permitting the state to amend the charging information during trial; (2) the trial court erred in failing to grant a jury instruction on the lesser included offense of felony battery; (3) the trial court denied Nunez a fair trial by allowing the prosecutor to make improper statement's during its closing argument; (4) the trial court denied Nunez a fair trial by allowing the prosecutor to attack defense counsel; (5) the trial court denied Nunez a fair trial by allowing the prosecutor to make an appeal to community

2

justice; (6) his trial counsel was ineffective for failing to (a) depose the victims prior to trial, (b) file a motion to continue to properly prepare for trial and depose state witnesses, (c) demand discovery, (d) refrain from objecting to the state's request that Nunez's and his codefendants' trials be severed, (e) withdraw based upon a conflict of interest, (f) obtain the victims' records to establish their propensity for violence, (g) question the victims about their tattoos, (h) call alibi witnesses upon his request, and (i) attempt to negotiate a plea agreement with the state; (7) the trial court erred in failing to correct obvious errors at trial; and (8) the state committed reversible error by making mistakes in calculating Nunez's guideline scoresheet.

The district court denied Nunez's § 2254 petition. In so doing, the district court addressed all but two of Nunez's grounds for relief, namely, his assertions that (1) his trial counsel was ineffective for failing to negotiate a plea agreement prior to trial, and (2) the state committed reversible error by making mistakes in calculating Nunez's guideline scoresheet. Nunez then filed a notice of appeal, which the district court construed as a motion for a certificate of appealability ("COA"). The district court denied Nunez's motions for a COA and to proceed on appeal in forma pauperis. Thereafter, we granted a COA on the above-mentioned

3

issue.[1]

On appeal, Nunez argues that the district court failed to address his claim that his trial counsel was ineffective for failing to negotiate a plea agreement prior to his trial. He contends that, according to Clisby, we should vacate the district court's judgment without prejudice and remand with instructions for the district court to address the merits of his ineffective assistance of counsel claim. He also asserts that we should instruct the district court to address all of his claims that he raised in his § 2254 petition and determine which of those issues merit a COA.

We review a district court's denial of habeas corpus relief de novo. Gamble v. Sec'y, Dep't of Corr., 450 F.3d 1245, 1247 (11th Cir. 2006). The scope of review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

In Clisby, expressing our "deep concern over the piecemeal litigation of federal habeas petitions," we exercised our supervisory authority to require that district courts resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied. Clisby, 960 F.2d at 935-36. "A claim for relief for purposes of [Clisby] is any allegation of a constitutional

[1]We did not grant a COA on the second ground that the district court did not address, specifically, Nunez's contention that the state committed reversible error in calculating his guideline scoresheet, because Nunez did not allege a federal constitutional violation with regard to that ground for relief.

violation." Id. at 936.  When a district court does not address all the constitutional claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.  We explained that "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product." Id. at 936 (quotation omitted).

A careful review of the record reveals that the district court did not address Nunez's claim that his counsel was ineffective for failing to negotiate a plea agreement.  The state concedes that the district court did not address that claim.  However, the state requests that we should decide Nunez's ineffective assistance of counsel claim on the merits in the first instance because the error was harmless.  Despite the state's argument, nothing in Clisby indicates that the harmless-error analysis should apply where the district court has erred under Clisby and we have not so far required such.  See Clisby, 960 F.2d at 935 (concluding that, even though the respondent urged this Court to consider the claims not addressed by the district court, this Court could "do no more than remand the case to the district court to consider all remaining claims").  As such, the state's argument is meritless

5

because, under <u>Clisby</u>, we will vacate the district court's judgment without prejudice and remand with instructions for the court to consider Nunez's claim that his counsel was ineffective for failing to negotiate a plea agreement. <u>See</u> <u>Clisby</u>, 960 F.2d at 938.

To the extent that Nunez argues that, on remand, the district court should consider all of his other claims he raised in his § 2254 petition, we will not instruct the district court to conduct such a review for two reasons: (1) the district court previously has addressed all of Nunez's remaining claims and we refused to grant a COA with regard to any of those claims; and (2) Nunez's argument is outside of the scope of the COA. <u>See</u> <u>Murray</u>, 145 F.3d at 1250-51. Accordingly, the district court's order denying Nunez's § 2254 petition is

**VACATED and REMANDED WITH INSTRUCTIONS.**

6