[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00543-CV-KD

GLEN DALE SUMMERS,

Petitioner-Appellant,

versus

WARDEN KENNETH JONES,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 6, 2009)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Glen Dale Summers, proceeding *pro se*, appeals the district

courts's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. We granted a certificate of appealability on whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), when it failed to address appellant's claim that his convictions for first-degree sodomy in Counts 32 and 33 in his indictment violated the principles of double jeopardy. Summers argues that the district court failed to resolve one of the claims articulated in his § 2254 petition, asserting that "it does not appear that the court have [sic] specifically addressed whether two convictions can be had on first-degree sodomy on Count 32 of the indictment and first-degree sodomy on Count 33 of the indictment." He also argues about the merits of his underlying double jeopardy claim.

When reviewing the district court's grant or denial of a § 2254 petition, we review the decision *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).

As an initial matter, we will not address the merits of Summers's double jeopardy claim because our scope of review is limited to the issue specified in the COA. *See Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998) (addressing a motion to vacate under 28 U.S.C. § 2255).

Out of "deep concern over the piecemeal litigation of federal habeas petitions," in *Clisby* we exercised our supervisory authority over the district courts

2

and instructed them to resolve all claims for relief raised in a petition for habeas corpus relief, regardless of whether habeas relief is granted or denied. 960 F.2d at 935-36. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

After reviewing the record and reading the parties' briefs, we conclude that the district court's order violated *Clisby* because it adopted the magistrate's report and recommendation, which was silent on Summers's argument that Counts 32 and 33 violated double jeopardy. Thus, the district court failed to address one claim asserted in Summers's § 2254 petition. We therefore vacate the judgment without prejudice and remand the remaining claim for consideration by the district court.

**VACATED AND REMANDED.**