[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13747
Non-Argument Calendar

_____

D. C. Docket Nos. 07-01066-CV-T-30-MAP
05-00479-CR-T-3

DUDLEY BARRINGTON MITCHELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 23, 2009)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Dudley Mitchell appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. We granted Mitchell's motion

for a certificate of appealability (COA) for the following issues:

> (1) whether the district court addressed only the issue of whether counsel was ineffective for advising Mitchell to plead guilty to the crime of illegal reentry, and failed to address the issue of whether counsel was ineffective for misadvising Mitchell regarding the length of the sentence he was facing;

> (2) whether in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims raised Mitchell's motion to vacate his sentence pursuant to 28 U.S.C. § 2255; and

> (3) if so, whether the district court's order should be vacated and remanded because it failed to address all of the claim's raised in Mitchell's § 2255 motion.

Mitchell argues that the district court failed to resolve one of two claims

articulated in his § 2255 motion and contends that we must vacate and remand to

the district court for consideration of the remaining claim. He specifically argues

that the district failed to address whether Mitchell's trial counsel was

constitutionally ineffective for misadvising Mitchell regarding the length of the

sentence he was facing. The government responds that Mitchell abandoned this

argument based on the testimony he gave at the evidentiary hearing concerning the

advice his trial counsel gave him regarding potential sentences.

When reviewing the district court's denial of § 2255 motion, we review

findings of fact for clear error and questions of law de novo. Lynn v. United

States, 365 F.3d 1225, 1232 (11th Cir. 2004).   The scope of review is limited to the issues specified in the COA.  Murray v.  United States, 145 F.3d 1249, 1250 (11th Cir. 1998).

In Clisby, we exercised our supervisory powers over the district courts and instructed them "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether the habeas relief is granted or denied."  960 F.2d at 936.  We defined a "claim for relief" as "any allegation of a constitutional violation."  Id.  "An allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts."  Id.  When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  Id. at 938.

The district court failed to address, in violation of Clisby, Mitchell's claim that his trial counsel was ineffective for misadvising him regarding the length of his potential sentence, and we disagree with the government that Mitchell abandoned this claim.  He raised this claim in his memorandum in support of his § 2255 motion and answered questions about it at his evidentiary hearing, thereby

3

not indicating a clear intent to abandon this claim.  See Pollack v. Birmingham Trust Nat'l Bank, 650 F.2d 807, 811 (5th Cir. 1981).[1]

Accordingly, we vacate the judgment and remand the remaining claim for consideration by the district court.

**VACATED AND REMANDED.**

---

[1] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).