[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14059
Non-Argument Calendar

_____

D. C. Docket No. 08-00854-CV-T-23-MSS

DREW CURTIS HARTLEY,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2009)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Drew Curtis Hartley, through counsel, appeals the district court's dismissal, without prejudice, of his pro se 28 U.S.C. § 2254 habeas petition, in which he challenged his 2002 convictions for cocaine possession. On appeal, Hartley argues that the district court erred by dismissing his petition as a sanction for misrepresentation because he did not answer Question 14 of his petition falsely and because dismissal was an inappropriately harsh sanction. We granted a certificate of appealability on one issue:

> Whether the district court erred in dismissing, without prejudice, appellant's 28 U.S.C. § 2254 petition as a sanction for a misrepresentation in light of the fact that any subsequent petitions may now be time-barred.

Although we review a denial of a 28 U.S.C. § 2254 habeas petition de novo, McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), we review a Fed.R.Civ.P. 11 sanction for an abuse of discretion, Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). Because the district court dismissed Hartley's § 2254 petition as a sanction, we review for an abuse of discretion.

Under Rule 2(c)(5) of the Rules Governing § 2254 Cases in the United States District Courts, a petitioner must sign his petition "under penalty of perjury." Rule 11 of the Rules Governing § 2254 Cases provides that a district court may apply the Federal Rules of Civil Procedure to § 2254 cases "to the extent

2

that they are not inconsistent with any statutory provisions" or the Rules Governing § 2254. Federal Rule of Civil Procedure 11 permits a district court to impose sanctions. See Fed.R.Civ.P. 11.

In this case, the district court held that Hartley falsely answered "No" to Question 14 which asked whether he had "previously filed any type of petition, application, or motion in a federal court regarding the conviction that [he] challenge[s] in this petition." We need not decide in this case whether the district court was incorrect in construing Hartley's answer to Question 14 as a false answer. We do conclude, as the Government concedes, that Hartley "did not specifically challenge his original conviction." Government Brief at 9. Thus, it is clear that Hartley's answer, at the least, was technically correct. Moreover, the Government also concedes that "the prior proceedings identified by the . . . [court below] would have no adverse impact on whether he could proceed on his § 2254 petition." Id. at 15. Thus, it is also clear that there was no material misrepresentation. We also note that the district court's dismissal without prejudice operates as a dismissal with prejudice because of the statute of limitations. Under the circumstances here, we conclude that the district court abused its discretion in dismissing Hartley's petition. Accordingly, we vacate the judgment of the district court and remand with instructions that the district court

3

address the merits of Hartley's petition.[1]

This opinion takes no stance on extraneous issues raised by both parties' briefs.  See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding "appellate review is limited to the issues specified in the COA").  We further note that this opinion in no way comments on the merits of Hartley's § 2254 petition.

**VACATED and REMANDED.**

---

[1] We note the Government's concession that the sanction was not the least severe that would serve the purpose of the rule, and its concession that a remand is appropriate.