**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 96-3807
Non-Argument Calendar
_____

D.C. Docket No. 96-1619-CIV-T-17B

JASON TODD MURRAY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(July 7, 1998)**

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jason Todd Murray appeals the district court's dismissal of his pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Initially, we decide that this appeal is limited to the one issue specified in the certificate of appealability. Turning to that issue, we also decide that the district court's judgment dismissing Murray's ineffective assistance of counsel claim is due to be affirmed.

## I.  BACKGROUND

In 1989, Murray pled guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841, and was subsequently sentenced to 188 months in prison. In 1991, he filed a direct appeal of his conviction and sentence. We affirmed.

On August 23, 1996, Murray filed this 28 U.S.C. § 2255 motion claiming: (1) a Fourth Amendment violation due to an illegal stop and search of his car; (2) ineffective assistance of counsel due to his counsel's failure to inform him of or to litigate his meritorious Fourth Amendment claim; (3) a sentence based on erroneous and false information; and (4) a double jeopardy violation.

Without conducting an evidentiary hearing, the district court rejected all of Murray's asserted grounds for relief and dismissed his § 2255 motion.

2

Murray appealed the denial of relief, and we granted a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). We limited the COA to the following issue:

> Whether appellant received ineffective assistance of counsel in that his attorney failed to argue that the stop and search of appellant's car violated the Fourth Amendment.

See § 2253(c)(3) (the COA "shall indicate which specific issue or issues satisfy the showing required."). Notwithstanding our specification of only one issue in the COA, Murray's brief raises other issues. It argues the merits of his Fourth Amendment claim, and also presents instances of ineffective assistance of counsel other than the one specified in the COA.

## II. ISSUES PRESENTED

Murray's appeal raises two issues. The first is whether we consider on appeal any issues other than the ones for which a COA was granted pursuant to 28 U.S.C. § 2253(c). The second issue is whether the district court erred by dismissing, without an evidentiary hearing, Murray's claim that he received ineffective assistance of counsel because of his counsel's performance in connection with the allegedly meritorious Fourth Amendment claim.

## III. THE CERTIFICATE OF APPEALABILITY ISSUE

Murray's attempt to have us decide issues other than the one for which we granted a certificate of appealability presents us with a threshold question: Does the granting of a COA open up to appellate review all of the issues that petitioner wishes to pursue, or is review instead confined to the issue specified in the COA? Although this is a question of first impression in this circuit, see Hunter v. United States, 101 F.3d 1565, 1571 n.4 (11th Cir. 1996) (en banc) (reserving the issue), it is not a difficult one.

The Fifth Circuit answered this question in Lacky v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997), concluding that the plain import of 28 U.S.C. § 2253(c)(3) requires that the scope of review in a habeas appeal be limited to issues specified in the COA. Section 2253(c)(3) mandates that the COA indicate "which specific issue or issues satisfy the showing" necessary for granting such a certificate. See also Hunter, 101 F.3d at 1584 (remanding a case with instructions that the district court specify the issue or issues meant to be covered in the COA). As the Fifth Circuit pointed out in Lacky, there would be little point in Congress requiring specification of the issues for which a COA was granted if appellate review was not to be limited to the issues specified. See 116 F.3d at 152.

We agree with the Fifth Circuit's reasoning and add a point of our own. Before enactment of the Antiterrorism and Effective Death Penalty Act ("ADEPA"), which included the 28 U.S.C. § 2253(c)(3) COA issue specification provision, a certificate of probable cause (CPC) to appeal requirement served much the same appellate gatekeeping function in 28 U.S.C. § 2254 proceedings as the COA requirement does in both §§ 2254 and 2255 proceedings now. See Hunter, 101 F.3d at 1571 & n.4. Under the pre-ADEPA regime, we held that when a CPC was granted on fewer than all of the issues in a habeas case, the appeal was limited to the issues specified. See Clisby v. Alabama, 52 F.3d 905, 906 (11th Cir. 1995) (where district court granted CPC limited to one issue); Clark v. Dugger, 901 F.2d 908, 910 (11th Cir. 1990) (where we granted CPC limited to one issue). Thus, even though there was no requirement that a CPC specify the issues that could be appealed, if it did do so appellate review was limited to the issues specified. In view of that prior circuit law, it would be anomalous for us to hold, now that there is an issue specification requirement, see § 2253(c)(3), that the appeal is not limited to the issues specified. Consistent with our own prior decisions in Clisby and Clark, with the Fifth Circuit's Lacky decision, and with the obvious import of §

5

2253(c)(3), we hold that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA. We turn now to the issue specified in the COA issued in this case.

## IV.  THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Although we will not decide any issue not specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record.  Because Murray pleaded guilty, we construe the issue specified to include all aspects of counsel's performance in connection with the Fourth Amendment claim as it relates to Murray's plea conviction.  The issue is whether Murray is entitled to an evidentiary hearing on his § 2255 motion.  We begin with his allegations and the facts concerning the proceedings to date.


## A. MURRAY'S PLEA AGREEMENT

In support of his contention that he received ineffective assistance of counsel in connection with Fourth Amendment claim, Murray first alleges certain facts regarding the stop and search of his car on the day of his arrest. However, the facts that Murray alleges in his § 2255 motion differ from the facts Murray expressly agreed to in his plea agreement at the time of the entry of his

6

guilty plea. The facts surrounding Murray's arrest were outlined in his plea agreement, paragraph 13 of which states as follows:

13. Defendant will plead guilty because he is in fact guilty of the charges contained in Count One of the Indictment. In pleading guilty to this Count, defendant acknowledges the facts as stated in the stipulation contained below are true, and were the case to go to trial, the government would be able to prove beyond a reasonable doubt the following:

Stipulated Facts

On July 27, 1989, the defendant Jason Todd Murray was operating a motor vehicle in Pinellas County, Florida. Defendant Deniceso Lopez Washington was a passenger in the car. Pursuant to an investigatory stop a deputy with the Pinellas County Sheriff Department stopped the defendant's vehicle. Defendant Murray was questioned by law enforcement officers and produced a baggie containing marihuana. The defendant Murray was arrested for the possession of marihuana.

During the search of the defendant's rental car incident to the arrest law enforcement found a bag containing approximately 884 grams of crack cocaine. A Pinellas County lab later confirmed that the substance found was cocaine base a schedule II narcotic drug.

Fingerprints were found on the outside of the bag which contained the crack cocaine. These fingerprints

7

have been identified as those of the passenger in the vehicle, defendant Washington.

After the arrest defendant Murray admitted to control of the cocaine and knowledge of its presence. Defendant Murray further told officers that Washington had control of the cocaine and knowledge of its presence.

Murray initialed each page of his plea agreement and entered his plea on the day of his scheduled trial on November 28, 1989. He had two prior felony convictions for drug-related offenses and was facing the possibility of a mandatory life sentence if the government filed the information for enhancement. As part of the plea agreement, the government agreed not to file the information for enhancement if Murray did not proceed with his Motion to Suppress.

The plea transcript shows that the government specifically acknowledged on the record its verbal agreement not to file enhancement information. The plea transcript also shows that Murray's counsel specifically acknowledged that the government could establish the stipulated facts enumerated above and that Murray was waiving his Motion to Suppress by stipulating to these facts.

B. MURRAY'S MOTIONS TO WITHDRAW HIS PLEA

8

After the presentence report was issued showing his guideline sentence, Murray filed a pro se one-page Motion to Withdraw his plea on February 2, 1990, on the general ground that he believed that it was in his best interest to withdraw his plea and go to trial. Murray did not mention the Motion to Suppress. On February 7, 1990, the magistrate judge issued an order stating that the Motion to Withdraw the plea did not comply with the local rules and giving Murray additional time to file an amended motion that complied with the local rules. When no amended motion was filed, the magistrate judge issued a report, dated February 20, 1990, recommending that the Motion to Withdraw Plea be denied. On February 26, 1990, Mr. Dillinger, Murray's retained counsel, filed an Amended Motion to Withdraw Plea stating that the amended ground for withdrawing the plea was as follows:

> The basis [sic] for the withdrawal of the plea include the Defendant's claim of innocence, the belief that a polygraph would corroborate his innocence, the belief that the motion to suppress if argued differently would be granted and that the Defendant having been mentally prepared for trial in light of the minimum mandatory life sentence which would have resulted from a plea and having been offered on the morning of trial a different plea agreement, did not have sufficient time to consider the alternatives and as such was under

intense pressure to make a quick decision on this serious matter.

(emphasis supplied.)

Interestingly, the Amended Motion to Withdraw Plea also states that a Motion to Suppress had been filed previously and was scheduled to be heard the morning of trial but that the government agreed not to file the information for enhancement if the defendant did not proceed with his Motion to Suppress:

> 1. Defendant was scheduled for trial. A motion to suppress had been previously filed and was scheduled to be heard on the morning of trial.
>
> 2. The Defendant had two (2) or more prior felony convictions for drug related offenses and as such under the statute was facing the possibility of a mandatory life sentence. The Government however, had not filed the Information for enhancement as of November 28th.
>
> 3. On November 28th, the Government agreed to not file the Information for enhancement if the Defendant did not proceed with his motion to suppress. The Defendant was offered the possibility of testifying against the Co-defendant as far as a reduction in the guidelines as well as for a reduction for the admission of guilt. The Defendant by this plea was only subjected to a mandatory ten (10) years.

In opposition to the amended motion, the government emphasized that Murray had never maintained or made an assertion of innocence at any time and that he had offered to testify against his co-defendant Washington; however, after the court denied Washington's Motion to Suppress and Washington pled guilty, Murray was not needed for that purpose.

On April 25, 1990, the district court denied both Murray's pro se Motion to Withdraw his plea and the Amended Motion to Withdraw his plea filed by his counsel, Mr. Dillinger. In its order the district court stated that "[d]efendant has also argued that a motion to suppress would succeed, if argued differently. In knowingly waiving a trial by jury, Defendant waived this issue."

Sentencing was set but later continued because Murray said that his counsel had made certain representations to him regarding his plea. As a result, the Federal Public Defender was appointed as new counsel for Murray to explore the matter. On June 18, 1990, the Public Defender's Office filed for Murray a Second Amended Motion to Withdraw Plea for Murray requesting that the plea be withdrawn on the ground that Murray asserted that his prior counsel had advised him that if his co-defendant Washington had prevailed on this

Motion to Suppress, then Murray would be allowed to withdraw his plea, stating specifically as follows:

> In addition to those matters raised in the previous motions to withdraw, the defendant would allege the following.
>
> Prior to the entry of his plea, the defendant was advised by his then attorney that if the co-defendant prevailed on the motion to suppress, the defendant would be allowed to withdraw his plea. According to the defendant, his attorney was confident that the motion to suppress would be granted.

On June 18, 1990, the district court referred Murray's Second Amended Motion to Withdraw Plea to the magistrate judge for disposition. On July 6, 1990, the magistrate judge scheduled for July 19, 1990 an evidentiary hearing on the Second Amended Motion to Withdraw Plea.

Thereafter, the magistrate judge entered a detailed report recommending denial of the Second Amended Motion to Withdraw Plea. The report chronicles most of the above history of Murray's plea and motions to withdraw his plea. The magistrate judge's report also recites that at the July 19 evidentiary hearing "neither party had any evidence to offer" and that Murray, "upon conferring

12

with counsel, elected not to testify." At the end of the report, the magistrate judge summarized the basis for recommending denial of the motion as follows:

> The second amended motion was set for an evidentiary hearing on July 19, 1990. However, at the hearing, neither party had any evidence to offer. The defendant, upon conferring with counsel, elected not to testify. Moreover, neither party secured the appearance of Robert Dillinger, the defendant's counsel during the events in question. Under these circumstances, there obviously is no basis for granting the motion to withdraw plea.

> In the first place, the defendant's motion does not set forth a claim supporting withdrawal of a guilty plea. Thus, the only new ground alleged in the second amended motion was the assertion that defense counsel had told the defendant that, if the co-defendant were successful with his motion to suppress, then the defendant would be permitted to withdraw his plea. This alleged conditional representation, however, does not support relief since the co-defendant's motion to suppress was denied.

> In any event, no evidence was presented that defense counsel made any such representations. Most significantly, the defendant declined to testify in support of his allegation.

> For the foregoing reasons, the Second Amended Motion to Withdraw Plea should be denied.

13

No objections were filed to the magistrate judge's report and recommendation. On August 24, 1990, the district court adopted the magistrate judge's report and denied Murray's Second Amended Motion to Withdraw his plea and directed that the Courtroom Deputy schedule the case for sentencing.

On October 26, 1990, sentencing was set again and this time Murray raised another claim as follows: that his prior attorney, Mr. Dillinger, had advised him that he had fifteen days to withdraw his plea if he should later change his mind. The district court continued the sentencing again and ordered Murray to file an affidavit setting forth all of his claims. On November 19, 1990, Murray's same new counsel with the Federal Public Defender's office filed a short Affidavit from Murray, which stated that his prior counsel made these two representations to him prior to entry of his plea as follows:

> 1. On November 28, 1989, I entered a plea of guilty to a one-count indictment charging possession with intent to distribute 50 grams or more of "crack" cocaine. This plea was entered on the advice of my attorney, Robert H. Dillinger. I hereby waive the attorney client privilege that Mr. Dillinger and I shared during the preparation of the instant case.
>
> 2. Prior to the entry of my plea on November 28th, Mr. Dillinger made the following representations to me

which I relied upon in arriving at my decision to plead guilty. Those representations are set forth below.

3. I had fifteen (15) days within which to withdraw the plea if I should later decide that a plea would not be in my best interest.

4. If my co-defendant, Deniceso Washington, prevailed on his motion to suppress, then I could withdraw my plea and proceed to trial.

5. The above statements represent all of the assurances made to me by Mr. Dillinger in connection with the entry of the plea.

On January 14, 1991, new counsel also filed a Third Amended Motion to Withdraw Plea and Request an Evidentiary Hearing. On January 23, 1991, the district court entered an order denying Murray's Third Amended Motion to Withdraw Plea and Request for an Evidentiary Hearing, finding that Murray had already had a full opportunity to raise these particular issues regarding representations of counsel in his prior evidentiary hearing but that Murray had elected not to present them.

## C. SENTENCING

At the sentencing hearing on February 15, 1991, Murray's counsel reviewed the offense conduct in the presentence report to which Murray

objected. Regarding the traffic stop of his vehicle, Murray's new counsel stated that Murray's position was that he stopped as soon as he was blue-lighted by the officer, that his co-defendant Washington started running but that Murray did not, and that when the officer asked him about cocaine, Murray denied having it. Murray's counsel also states that Murray "told the officers he did have marijuana and voluntarily emptied his pockets." At the sentencing Murray denied knowing about any cocaine in the vehicle and professed his innocence. The government stressed this contradicted the facts to which Murray stipulated when he pled guilty.

## D. APPEAL

The same attorney with the Federal Public Defender's office represented Murray in his direct appeal. The only issue raised in Murray's appellate brief was whether the district court's refusal to permit withdrawal of the plea constituted an arbitrary or unreasonable decision given the circumstances of the case. This court affirmed the decision of the district court under Eleventh Circuit Rule 36-1. See United States v. Murray, 946 F.2d 1547 (11th Cir. 1991), cert. denied 502 U.S. 1113, 112 S.Ct. 1220 (1992).

## E. DISCUSSION

16

Assuming that Murray was ever entitled to an evidentiary hearing on whether he received effective assistance of counsel in regard to his guilty plea, he got it in connection with his Second Amended Motion to Withdraw Plea. At that hearing, Murray, represented by new counsel, elected not to testify and presented no evidence at all to back up his allegations. The most Murray is entitled to is one opportunity to prove his allegations, and he got it. He is not entitled to two opportunities. To the extent Murray has raised different allegations of ineffectiveness in relation to the plea since his Second Amended Motion to Withdraw Plea was denied, that does not entitle him to another evidentiary hearing either.

A guilty plea means something. It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court. A defendant who is given an evidentiary hearing on the validity of his guilty plea must seize the opportunity and present every allegation and all the supporting evidence he has then at the peril of being foreclosed from doing so in the future. Murray had a chance to come forward with evidence to back up his allegations, and he decided not to do so. He could not thereafter change his mind about that, as he apparently has about his guilty plea, and expect the law to accommodate him.

17

## V. CONCLUSION

The district court's dismissal of Murray's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence is AFFIRMED.