[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

No. 05-14664
Non-Argument Calendar
_____

D. C. Docket Nos. 04-22575-CV-UUB & 01-00607 CR-UUB

GILBERTO CHINEAG,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 10, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Gilberto Chineag, a federal prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Chineag is currently serving a life sentence for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and concurrent 240-month sentences for conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a), and conspiracy to carry a gun during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (o).

In his § 2255 motion before the district court, Chineag alleged, <u>inter alia</u>, that his trial counsel rendered ineffective assistance of counsel. We granted a certificate of appealability ("COA") on only one issue:

> Whether the district court properly denied appellant's claim that counsel was ineffective for failing to object or move for a mistrial when the non-redacted recording of the June 7, 2001 meeting was not submitted to the jury?

On appeal, Chineag does not argue that his counsel was ineffective, but instead (1) contends that this Court failed to properly evaluate his motion for COA, and (2) raises additional issues outside the scope of the COA.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs this appeal because Chineag filed his petition after AEDPA's effective date. Under AEDPA, appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253(c); <u>Murray v. United</u>

2

States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).[1]

Even liberally construing Chineag's brief, he fails to address the issue of ineffective assistance of counsel as specified in the COA. Indeed, he renounces the issue, declaring that he did not request a COA on it. Therefore, Chineag has abandoned his ineffective assistance claim. See Jones v. Campbell, 436 F.3d 1285, 1303 (11th Cir.), cert. denied, __ U.S. __, 127 S. Ct. 619 (2006) (concluding that when an appellant fails to argue a certified issue in his appellate brief, that issue is abandoned).

Further, we reject Chineag's argument that this Court erred in evaluating Chineag's motion for a COA. There is no evidence that this Court failed to evaluate properly Chineag's motion for a COA. See Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003) (explaining that in deciding whether to grant a COA, the appellate court should "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.").

---

[1] For this reason, we decline to address Chineag's other claims (a chain-of-custody issue and a challenge under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)). These claims lie outside the scope of the COA. See Harrell v. Butterworth, 251 F.3d 926, 928 n.1 (11th Cir. 2001) (declining to address issues not included in the COA).

3

Accordingly, we affirm the district court's denial of Chineag's § 2255 motion.

**AFFIRMED.**