[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10507
Non-Argument Calendar

_____

D. C. Docket No. 05-00195-CV-4

BRIAN TRAVIS JACK,

Petitioner-Appellant,

versus

WARDEN KEVIN ROBERTS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 28, 2007)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Brian Travis Jack, a Georgia state prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 petition for writ of habeas corpus. After review, we affirm.

We granted a certificate of appealability ("COA") on the following two questions:

> (1)     Whether the district court erred when it denied appellant's ineffective assistance of appellate counsel claims in the absence of the trial transcript.
>
> (2)     Whether the district court's resolution of appellant's ineffective assistance of appellate counsel claims was sufficient for this Court to conduct a meaningful review on appeal.

As to the first issue, the parties now agree that the district court had the trial transcript when it ruled on Jack's § 2254 petition, and the record supports their position. The entire trial transcript, including the closing arguments, was filed in the district court on August 3, 2006. The magistrate judge's Report and Recommendation ("R&R") was entered on August 18, 2006 and the district court adopted the R&R and denied Jack's § 2254 petition on November 15, 2006.

As to the second issue, the parties also now agree that the district court's ruling on Jack's § 2254 petition is sufficient to allow us to conduct meaningful review. After reviewing the district court's order and the R&R it adopted, we agree.

Finally, Jack raises the merits of his claims regarding the ineffective

assistance of his appellate counsel. However, the COA does not cover those issues. Furthermore, the questions posed in the COA are procedural ones that can, and have been, answered without a need to consider the merits of Jack's ineffective assistance claims. Thus, we decline to address Jack's additional arguments. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (concluding that "in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA").

**AFFIRMED.**