[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2010
JOHN LEY
CLERK

No. 09-11527
Non-Argument Calendar

_____

D. C. Docket No. 08-61941-CV-WPD

JOE RILEY,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 19, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Joe Riley, a Florida state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He argues that the state court erred by denying his counsel's motion to withdraw; he claims that his counsel threatened to withdraw if he were not paid, refused to let Riley review documents, and failed to consult with him. We AFFIRM.

## I. BACKGROUND

Riley, imprisoned for attempted murder in the second degree and arson following his 2001 Florida state court conviction, filed this pro se § 2254 petition, alleging that the state trial court abused its discretion by denying his counsel's motion to withdraw, violating his constitutional right to effective assistance of counsel. R1-1 at 3.

On 28 February 2001, before jury selection, the state trial court informed Riley's counsel, Lee Cohn, that it had denied Riley's fifth motion for a continuance. R-1-11, Exh. Part 1, R2 at 3. The court indicated that it would complete jury selection and schedule the trial for 12 March 2001. Cohn concurred with that plan because he still had to take the deposition of the victim. Id. Riley then asked to speak. Id. at 8. He stated that he and Cohn were "having difficulties getting to understanding," alleging that he asked Cohn for copies of documents, including the depositions, but Cohn refused to give him anything unless the court

2

ordered it. Id. at 8-9. Riley asserted that a friend ran off with the money with which Riley had intended to pay Cohn. He said that Cohn threatened "problems" if Riley failed to pay him by the start of trial. He also contended that Cohn refused to accept his calls, did not speak with him for two months, and told him that he would quit the case if he did not get paid. Id. at 10. Riley noted that he was expecting Cohn to withdraw prior to jury selection. Id. at 10-11. Cohn asserted that he had told Riley that he could review the depositions in the two weeks before trial. Id. The court declined to order Cohn to do anything, but stated that Cohn should allow Riley to review the depositions. Id. at 9-10.

Riley asserted that he wanted to know if Cohn would fully represent him, given the fact that he had not been paid. Id. at 11. Riley stated, "I feel like I'm not being properly represented, and if [Cohn] is not going to do his job . . . , then I need to just let him withdraw from the case." Id. Cohn responded that he had been to see Riley on many occasions, an assertion that Riley denied. Id. at 12. With regard to payment, Cohn asserted that Riley had told him on several occasions that he, or someone else, was going to bring Cohn the money, but it never happened. Id. at 13. Cohn stated:

> I told [Riley] I have a duty to represent him, I can't do anything about
> it, and I did expect to be paid. . . . Now, if he believes that we have a
> conflict and he believes that I'm going to ambush him in some way,
> then I'll respectfully ask the [c]ourt to allow me to withdraw from the

3

case.

Id. Cohn noted that he had done everything that he was supposed to do, which included informing Riley that he had a defensible case. Id. Cohn asserted that he accepted all of Riley's collect calls, but Riley disagreed. Id. at 14. After the court asked how many depositions Cohn had taken so far, Cohn replied "about seven or eight" and noted that he planned to take the victim's deposition as soon as possible. Id. at 14-15.

Riley noted that he did not mind keeping Cohn as his counsel, as long as there was not going to be a problem with the money. Id. at 17. Cohn then asserted that: (1) they did not discuss money on the previous day, but discussed that there was going to be a trial; (2) he had previously shown depositions to Riley; and (3) they had reviewed police reports together. Id. at 18-19. Riley denied that any of these statements was true. Id. After the court noted that Riley had not filed a motion to discharge Cohn, Riley responded that he was expecting Cohn to quit, alleging that Cohn had been telling him for months that he would withdraw. Id. at 20. Riley responded that he wanted to make sure that Cohn would "fight diligently and not lay down on me" even though he had not been paid. Id.

After a brief recess, Cohn asked the court to consider his request to withdraw because his relationship with Riley was deteriorating. Id. at 23. Cohn

stated, "I believe [Riley is] manipulating me, I believe he's manipulating the system, and I just don't want to be set up for failure. He's already told me he's now filing a bar complaint." Id. Cohn said that Riley had physically threatened him during the recess. Id. at 23-24. Riley denied threatening Cohn; he alleged that Cohn told him that he was insincere and was manipulating the court, and that the guard had to tell Cohn to leave Riley alone. Id. at 24. The court asked Riley if he previously had filed a bar complaint against Cohn. Id. at 25. Riley responded that he had not filed a bar complaint, did not intend to file a bar complaint, and did not want Cohn to quit because he "came highly recommended." Id. The court asked if Riley wanted Cohn to withdraw as his counsel. Id. at 26. Riley responded that he did not want Cohn to withdraw from representing him. Id. at 26-27. The court then denied Cohn's motion to withdraw and jury selection began. Id. at 27-28. After the jury trial, Riley was convicted of attempted murder in the second degree and arson.

Riley appealed to the Florida Fourth District Court of Appeal ("DCA"), arguing that the state court erred by denying Cohn's motion to withdraw because there was a conflict of interest between himself and Cohn, which was that Cohn's desire to get paid motivated him not to provide competent representation. The DCA affirmed Riley's conviction, without opinion. See Riley v. State, 874 So. 2d

5

593 (table).  Riley filed an amended Fla. R. Crim. P. 3.850 motion with the trial court, contending that Cohn gave ineffective assistance of counsel because there was a conflict of interest between him and Riley and that the state court erred by denying Cohn's motion to withdraw.  R1-11, Exh. Part 2, R-4, Rule 3.850 Motion at 6-8.  The trial court denied Riley's Rule 3.850 motion.  Id. at R-4, Order dated 17 April 2008.  After Riley appealed the trial court's denial of his Rule 3.850 motion, the DCA affirmed.  Id. at R-4 Notice of Appeal, R-5.

After the district court filed its initial final judgment, Riley filed a motion for reconsideration, which the district court construed as a reply, arguing that his counsel was ineffective and should have been allowed to withdraw because their relationship had deteriorated, as counsel failed to consult with him about his case, did not allow him to review any depositions, and threatened to withdraw if he were not paid.  See R1-14, 16 at 1; 15 at 4.  He argued that there was a conflict between himself and his counsel when counsel contradicted his statements regarding their relationship.  R1-15 at 12-13.

In its amended final judgment, the district court denied Riley's petition for habeas corpus relief, finding that the state trial court did not abuse its discretion by denying Riley's counsel's motion to withdraw or by finding that there was not a complete breakdown in communication between Riley and his counsel.  R1-16 at

6

5. It found that Riley failed to establish that his counsel had a conflict of interest that prejudiced him and did not demonstrate that the trial court failed to follow clearly established constitutional law. Id. Riley filed a notice of appeal, which the district court construed as an application for a Certificate of Appealability ("COA"). See R1-18, R1-20 at 1. The district court granted Riley's motion for a COA in part, stating:

> The [c]ourt held, *inter alia*, that it was not an abuse of discretion for the state court to deny [Riley's] counsel's motion to withdraw. The [c]ourt will grant [Riley's] Application for [a COA] on this ground only, as this [c]ourt determines that [Riley] has shown a possible violation of a substantial constitutional right in his [p]etition.

Id. at 1.

On appeal, Riley argues that the district court erred in finding that the state trial court did not abuse its discretion by denying his counsel's motion to withdraw because his relationship with counsel had deteriorated due to counsel's failure to consult with him regarding his case, refusal to allow him to review any depositions, and threat to withdraw if counsel was not paid before trial.[1]

## II. DISCUSSION

We review a district court's denial of a § 2254 habeas corpus petition de

---

[1] Riley also raises several other issues that were not part of the district court's COA. However, our review is limited to the issues specified in the COA. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) (addressing a motion to vacate under 28 U.S.C. § 2255).

7

novo . Conklin v. Schofield, 366 F.3d 1191, 1199 (11th Cir. 2004).  Where a claim

was adjudicated on the merits in state court, federal courts may not grant habeas

relief unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

As we explained in Putman v. Head, "[t]he 'contrary to' and 'unreasonable

application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's

decisions."  268 F.3d 1223, 1241 (11th Cir. 2001) (citation omitted).

> A state court decision is "contrary to" clearly established federal law
> if either (1) the state court applied a rule that contradicts the governing
> law set forth by Supreme Court case law, or (2) when faced with
> materially indistinguishable facts, the state court arrived at a result
> different from that reached in a Supreme Court case.

Id.  Federal habeas relief can also be granted if the state court's decision involved

an "unreasonable application" of clearly established federal law.  28 U.S.C.

§ 2254(d)(1).

> A state court conducts an "unreasonable application" of clearly
> established federal law if it identifies the correct legal rule from
> Supreme Court case law but unreasonably applies that rule to the facts
> of the petitioner's case. . . . [or] unreasonably extends, or
> unreasonably declines to extend, a legal principle from Supreme Court
> case law to a new context.

Putman, 268 F.3d at 1241 (citation omitted).  In deciding whether the state court

applied federal law in an unreasonable way, we consider whether the state court's

8

application was objectively unreasonable. Wellington v. Moore, 314 F.3d 1256, 1261 (11th Cir. 2002).

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment does not guarantee, however, a "meaningful relationship" between counsel and a defendant. Morris v. Slappy, 461 U.S. 1, 13-14, 103 S.Ct. 1610, 1617 (1983).

Riley was entitled to competent counsel who avoided conflicts of interest. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064-65 (1984). The record supports a conclusion that Riley's counsel was competent because Riley was convicted of the lesser included offense of attempted murder in the second degree. Moreover, Riley does not identify any conflict of interest that is actionable under federal law, but rather, argues that there was a conflict because his relationship with Cohn had deteriorated. Although the relationship between Riley and Cohn appeared to be contentious, Riley was not entitled to a "meaningful relationship" with Cohn. See Morris, 461 U.S. at 14, 103 S.Ct. at 1617. Thus, the state trial court's denial of Cohn's motion to withdraw was not contrary to clearly established federal law. See 28 U.S.C. § 2254(d)(1); Putman, 268 F.3d at 1241. Further, because Riley expressly told the state trial court that he wanted Cohn to

9

remain his trial counsel, the state trial court's denial of Cohn's motion to withdraw was not objectively unreasonable. See Wellington, 314 F.3d at 1261.

Because Riley expressly told the state trial court that he wanted his counsel to continue representing him, the court's decision to deny counsel's motion to withdraw was not contrary to, nor an unreasonable application of, clearly established federal law, and Riley is not entitled to relief.

## III. CONCLUSION

Riley appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We hold that the district court did not plainly err in finding that the state trial court did not abuse its discretion by denying his counsel's motion to withdraw; the denial was not contrary to, nor did it involve an unreasonable interpretation of, established federal law. Based on a review of the record and the parties' briefs, we affirm.

**AFFIRMED.**