[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11407
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cv-00163-WTH-GRJ

DARRYL MAURICE YOUNG,

Petitioner-Appellant,

versus

SECRETARY OF THE DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(March 22, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Darryl Maurice Young, appearing *pro se*, appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition.

"The district court's grant or denial of habeas corpus relief is reviewed *de novo*," while the court's factual findings are reviewed for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Before we review a district court's denial of a section 2254 petition, the petitioner must obtain a certificate of appealability by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). The scope of our review is limited to the issues specified in the certificate of appealability. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam). On appeal, Young asserts that the district court erred by not providing him an opportunity for discovery or for an evidentiary hearing. But we granted a certificate of appealability only to determine:

> [w]hether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address Young's claim that he was improperly treated as ineligible to earn gain time for six months following his disciplinary infraction, pursuant to Fla. Admin. Code § 33-601.101(6)(a)(2)–(3) (1998).

In *Clisby* we exercised our supervisory power over the district courts and instructed them "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to [section 2254], regardless whether habeas relief is granted or denied." 960 F.2d at 936. A "claim for relief" is "any allegation of a

2

constitutional violation," and two separate allegations of a constitutional violation "constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." *Id*. If a district court fails to address all of the claims in a habeas petition, we "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." *Id*. at 938.

The district court properly addressed Young's argument that he was erroneously treated as ineligible to earn gain time for six months following his disciplinary infraction. First, the court reviewed and upheld the state court's decision, which addressed the issue of ineligibility to earn gain time. The state court held that Young failed to show a violation of his due process rights, and the district court determined that this was not an unreasonable application of federal law.

The district court also found that Young "received the degree of fairness in the disciplinary proceeding to which he was entitled." The court properly analyzed Young's claim as a due process claim, rather than assessing whether it was proper under state law, because only claims that a person has been held in custody in violation of the Constitution or federal law are cognizable in section 2254 habeas petitions. *See* 28 U.S.C. § 2254(a). The court did not err under

3

*Clisby*, so the denial of Young's habeas petition is affirmed.

**AFFIRMED.**