[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14986
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00973-IPJ-TMP

DEANDRE COOPER,

Petitioner-Appellant,

versus

DAVID WISE,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 20, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

DeAndre Cooper, an Alabama prisoner serving a term of life without parole for two counts of capital murder and one count of attempted murder, appeals the district court's order denying his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court granted a certificate of appealability ("COA") on the issue of whether the admission of out-of-court statements made by an alleged co-conspirator, LaTonya "Punkin" Jackson, violated Cooper's Sixth Amendment right to confrontation. For the reasons stated below, we affirm.

I.

In April 2010, Cooper filed a *pro se* 28 U.S.C. § 2254 petition in the district court. Cooper's petition raised six grounds, but only Ground Five is at issue in this appeal. In that ground, Cooper argued that the state trial court should not have admitted out-of-court statements made by a co-conspirator because the state had failed to establish the existence of a conspiracy. He explained that the witnesses who had testified regarding the conspiracy had changed their stories many times.

During Cooper's trial, the state introduced evidence that Cooper, Jackson, and Rodrequiz Woods had entered into a plan to rob a marijuana dealer, Willie Kelly. On the evening of June 9, 2004, Jackson called Kelly and asked if he had marijuana she could buy. They agreed to meet at the house of Jackson's friend

Angela Williams. When Kelly and his cousin, Anthony Kelly, arrived at Williams's house, Cooper and Woods parked their Suburban directly behind Kelly's vehicle. Kelly looked in his rearview mirror and saw two men with guns get out of the Suburban. He heard them say, "Give it up." Kelly "just hit the gas" and attempted to flee. Cooper and Woods both fired multiple shots at Kelly's vehicle.

As Kelly drove away from Williams's house, the shooting stopped. Kelly looked at his cousin, Anthony Kelly, and observed that Anthony was slumped forward and was bleeding. Kelly immediately drove to the hospital, but Anthony died of his wounds. Willie Kelly received a gunshot wound to his shoulder. He was treated for his injury and released. Willie Kelly was able to identify Woods and Cooper from photographic lineups as the shooters.

On his direct appeal, Cooper argued, among other things, that the trial court erred in allowing the state's witnesses to testify regarding certain out-of-court statements made by Jackson. Specifically, he objected to: (1) Willie Kelly's testimony that Jackson called him and told him to go to Williams's house; (2) Angela Williams's testimony that Jackson spoke to Willie Kelly on the phone, and that Jackson later told Williams not to inform the police that Jackson was Cooper's girlfriend; and (3) Woods's testimony that Jackson and Cooper were

3

dating, and that Jackson was involved in the planning of the robbery. He argued that Jackson's statements were inadmissible hearsay under the Alabama Rules of Evidence. He also asserted that the admission of Jackson's statements violated his right to confrontation under the Sixth Amendment.

The Alabama Court of Criminal Appeals affirmed Cooper's convictions. The court concluded that Jackson's out-of-court statements were properly admitted as non-hearsay co-conspirator statements because the evidence showed that Cooper, Woods, and Jackson had entered into a conspiracy to rob Willie Kelly. The court also held that the admission of Jackson's statements did not violate the Confrontation Clause. The Court of Criminal Appeals noted that the United States Supreme Court, in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), had determined that the Confrontation Clause only bars the admission of out-of-court statements that are testimonial. The Court of Criminal Appeals observed that *Crawford* had cited *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), as an example of the type of statements that are not testimonial in nature. In *Bourjaily,* the Supreme Court upheld the admission of a co-conspirator's out-of-court statements against a criminal defendant even though the defendant did not have a prior opportunity to cross-examine the declarant. The Court of Criminal Appeals concluded that

4

Jackson's statements were not testimonial because they were not made in the context of a police investigation or a pretrial examination. The Court of Criminal Appeals denied Cooper's request for rehearing, and the Alabama Supreme Court declined to grant a writ of *certiorari*.

A magistrate prepared a report and recommendation concluding that Cooper's habeas petition should be denied. Regarding Jackson's out-of-court statements, the magistrate observed that Cooper's petition appeared to argue that the admission of those statements violated Alabama law. The magistrate recognized that a state-law evidentiary ruling can give rise to a federal constitutional violation if the erroneously admitted evidence rendered the trial fundamentally unfair. Nevertheless, the magistrate observed that, in Cooper's case, the Alabama Court of Criminal Appeals had authoritatively decided that no error of state law occurred.

To the extent that Ground Five of the petition could be construed as a Confrontation Clause claim, the magistrate determined that the Court of Criminal Appeals' rejection of that claim was not contrary to, or an unreasonable application of, clearly established federal law. The magistrate observed that, under *Bourjaily* and *Crawford*, statements made by a co-conspirator during the course of a conspiracy are not testimonial. The magistrate noted that Cooper did not challenge

5

the Court of Criminal Appeals' application of those decisions, nor did he dispute the factual basis of the court's holding. Accordingly, the magistrate recommended that Ground Five of Cooper's petition be denied.

The district court adopted the magistrate's report and dismissed Cooper's habeas petition with prejudice. As noted above, the district court granted a COA on the issue of whether the admission of Jackson's out-of-court statements violated Cooper's Sixth Amendment right to confrontation.

## II.

We review a district court's denial of a 28 U.S.C. § 2254 habeas petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). A federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or unless the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is contrary to clearly established federal law if the state court reached a legal conclusion opposite to that reached by the United States Supreme Court on the same question, or if the state court was presented with facts that were "materially

indistinguishable" from relevant Supreme Court precedent, but arrived at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of clearly established federal law if the court unreasonably applied the established law to the facts of the case. *Id.* at 407-09, 120 S.Ct. at 1520-21.

The Sixth Amendment protects a criminal defendant's right to confront the witnesses against him. U.S. Const. amend VI. In *Crawford*, the Supreme Court explained that the Sixth Amendment prohibits the introduction of out-of-court testimonial statements unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. A statement is testimonial if it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 52, 124 S.Ct. at 1364 (quotation omitted).

In this case, the Alabama Court of Criminal Appeals' rejection of Cooper's Confrontation Clause claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Jackson's out-of-court statements were made during the course of the conspiracy to rob Willie Kelly, rather than in response to the police investigation into Anthony Kelly's murder. Thus, the statements were not made

7

under circumstances that would lead a reasonable person to believe that they would be introduced at trial. *See Crawford*, 541 U.S. at 52, 124 S.Ct. at 1364. Accordingly, the Alabama Court of Criminal Appeals correctly concluded that Jackson's statements were not testimonial and that their admission did not violate Cooper's right to confrontation. The Court of Criminal Appeals' decision was consistent with the legal principles announced in *Crawford*. In light of the fact that Jackson's statements were not testimonial, the state was not required to show that Jackson was unavailable to testify.

In addition to his Sixth Amendment arguments, Cooper also contends that Jackson's statements were inadmissible under the Alabama Rules of Evidence because the state failed to prove the existence of a conspiracy. Although state-law errors generally are not a grounds for federal habeas relief, a habeas court may review a state court's evidentiary rulings in order to determine whether those rulings violated the petitioner's right to due process by depriving him of a fundamentally fair trial. *Felker v. Turpin*, 83 F.3d 1303, 1311-12 (11th Cir. 1996). Here, however, the COA granted by the district court only addresses Cooper's right to confrontation under the Sixth Amendment, not any due process claim that he may have. Because our review is limited to the issues specified in the COA, we may not consider Cooper's contention that the admission of Jackson's statements violated Alabama law. *See Murray v.*

*United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Because the Alabama Court of Criminal Appeals' decision rejecting Cooper's Sixth Amendment claim was neither contrary to, nor an unreasonable application of, clearly established federal law, we affirm the denial of Cooper's habeas petition.

**AFFIRMED.**