[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10361
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 9:08-cr-80094-DMM-2; 9:10-cv-80283-DMM

VIRGIL LEON DARVILLE,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2011)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* appellant Virgil Leon Darville appeals the district court's dismissal of the second claim ("Claim Two") of his 28 U.S.C. § 2255 motion to vacate his sentence.[1]  In Claim Two, Darville argued that his sentence enhancement based on state court convictions was erroneous because Darville was in the process of having those convictions vacated or expunged.  Darville claims that the district court's dismissal was improper because it seriously hinders his ability to raise Claim Two again, in the event that his state convictions are vacated or expunged; namely, that his next attempt will be considered a "second or successive" motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and thus subject to stringent standards of consideration.[2]  Because we recently held in *Stewart v. United States* that a § 2255 motion arising from the vacatur or expungement of state convictions will *not* be considered "second or successive" under AEDPA, we affirm the district court.  646 F.3d 856, 865 (11th Cir. 2011).

---

[1]The entire motion was dismissed, but Darville appeals only Claim Two.

[2]A § 2255 motion that has been declared "second" or "successive" may only be considered by a court if it complies with gatekeeping provision of § 2255, which provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Darville was convicted of federal drug offenses on December 3, 2008, and the government filed an information on that same day notifying Darville of its intent to seek an enhanced penalty under 21 U.S.C. § 851, based on a prior state felony narcotics conviction. The enhancement was granted, and it increased his potential sentencing range from 10 to 40 years of imprisonment to 20 years to life imprisonment. Darville acknowledged this change in his subsequent plea agreement and plea hearing. On February 20, 2009, the district court sentenced Darville to 240 months of imprisonment, and this conviction became final March 12, 2009.

On February 9, 2010, Darville filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Claim Two of this motion was that his sentence enhancement under 21 U.S.C. § 851 was invalid because Darville was pursuing vacation in state court of his prior narcotics convictions. Darville acknowledged that because his challenges to the state convictions had not yet been decided, Claim Two was not yet ripe, so he requested that the district court either hold the claim in abeyance or dismiss it without prejudice and allow him to re-file later when it ripened.

The motion was referred to a magistrate judge who recommended, in relevant part, that the motion to stay Claim Two should be denied and that Claim

Two should be dismissed without prejudice. The magistrate noted in his report that Darville might be barred from re-filing Claim Two because of the one-year statute of limitations established by 28 U.S.C. § 2244(d) or other procedural defenses. The district court then issued an order adopting the magistrate's report. Darville was issued a certificate of appealability ("COA") by this court regarding whether the district court erred in dismissing Claim Two without prejudice, subject to any federal procedural limitations that may apply.

We review the district court's factual findings for clear error and questions of law de novo. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Our scope of review is limited to issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam).

In *Stewart*, the petitioner, Sherodney Stewart, had his prior state convictions vacated, then filed a chronologically second § 2255 motion requesting vacatur of his sentence enhancement based on his career-offender status. 646 F.3d at 857–58. In considering whether Stewart's motion was second or successive under AEDPA, we noted that *Johnson v. United States,* 544 U.S. 295, 125 S. Ct. 1571 (2005), had established that "the basis for a claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues." 646 F.3d at 858–59 (citing *Johnson* 544 U.S. at

4

305, 125 S. Ct. at 1579).  We also explained that the phrase "second or successive" did not "refer to all habeas applications filed second or successively in time," but was a "term of art that takes its full meaning from the Supreme Court's case law."  *Id.* at 859–60.  We then pointed out that in *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842 (2007), the Court declined to interpret "second or successive" in a "manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality."  *Id.* at 863–65.  Therefore, we held that because the basis for Stewart's claim did not exist at the time of the ruling on Stewart's initial § 2255 motion, his chronologically second claim was not "second or successive" within the meaning of AEDPA.

Darville contends that the district court's actions have "effectively prevented Mr. Darville from refiling" Claim Two, but his argument does not account for the holding of *Stewart*.  The precedent of *Stewart* establishes that if Darville, acting diligently, succeeds in having his state convictions vacated or expunged, then he may bring another § 2255 motion raising Claim Two without having it be deemed "second or successive" within the meaning of AEDPA. Because the only contention raised in Darville's appeal—that the district court's actions prejudiced his rights to seek future relief—is unfounded, we affirm.

**AFFIRMED.**