[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13436
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61264-JIC

HARRY AUSTIN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Harry Austin appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  On appeal, Petitioner argues that his attorney was ineffective for failing to object on Confrontation Clause grounds to the admission of a police officer's testimony concerning a deceased witness's description and identification of Petitioner as a burglary suspect.  After careful review, we affirm.

I.    **BACKGROUND**

A.    **State Criminal Conviction and Post-Conviction Proceedings**

In 2007, a Florida jury found Petitioner guilty of burglary of a dwelling, grand theft, possession of cocaine, possession of drug paraphernalia, and resisting an officer without violence.  On appeal, the Florida appellate court reversed Petitioner's convictions after concluding that Petitioner had been forced to represent himself without an inquiry that satisfied *Faretta v. California*, 422 U.S. 806 (1975).

Before commencement of the retrial, Petitioner's trial counsel made an oral motion *in limine* to exclude the testimony of Officer Eugene McCoy regarding the contents of a "BOLO"[1] he issued and the statements made by an unavailable witness regarding the description and identification of Petitioner as the burglar.  The State argued that identification "in and of itself" is not hearsay.  The court

---

[1]  "BOLO" stands for "be on the lookout."

determined that the existence of the BOLO, the officer's testimony regarding his actions in response to it, and the fact of the identification itself were admissible.

At trial, Officer McCoy testified that he responded to a 911 call at a residence in Fort Lauderdale around midnight on October 22, 2005. When he arrived, he spoke with the caller, Joshua Saks,[2] and obtained a description of the suspect, which he used to place a BOLO on the police radio. Officer McCoy observed that the rear bedroom window was broken, as well as the presence of wires that were not attached to anything. Officer McCoy further testified that, after Petitioner was detained, Saks identified him as the person who had been in his home.

Officer Shannon Dameron testified that he was in the vicinity when he was alerted to a 911 call regarding a crime in progress. While responding to the call, he heard a BOLO over the radio. Around the same time, he observed someone—later identified as Petitioner—who matched the description on the BOLO. Petitioner was running with a laptop computer in the opposite direction from where the crime occurred. Officer Dameron attempted to make contact with him but, when Petitioner did not stop, a foot pursuit ensued. After observing Petitioner throw the laptop, Officer Dameron tackled him and arrested him. Upon searching Petitioner, Officer Dameron found a crack pipe that contained cocaine residue.

---

[2] Saks died in a motorcycle accident prior to trial.

3

Lucien Sirois testified that when he left home on October 22, 2005, his laptop was plugged in on his desk. When he returned home that evening, he saw that the window in his room was broken and that his laptop computer was missing. He later observed officers trying to take fingerprints off of his laptop.

The jury found Petitioner guilty of burglary, grand theft, possession of cocaine, possession of drug paraphernalia, and resisting an officer without violence. Petitioner was sentenced to 30 years' imprisonment.

On appeal, Petitioner argued in relevant part that the trial court erred by admitting Officer McCoy's testimony about Saks's description and identification of Petitioner because it did not fall within the identification exception to the hearsay rules and because Saks was not subject to cross-examination. The Florida appellate court affirmed all of Petitioner's convictions, except as to grand theft. The appellate court reversed that conviction and remanded to the trial court to enter judgment for the lesser included offense of petit theft. Petitioner's motion for rehearing was denied.

Petitioner filed a motion for post-conviction relief, which he later amended, pursuant to Florida Rule of Criminal Procedure 3.850. Of relevance to this appeal, he argued that his trial counsel was ineffective for not objecting to the introduction of Saks's identification as a violation of the Confrontation Clause.

The State responded that Petitioner's Confrontation Clause argument was procedurally barred to the extent it raised trial court error. To the extent Petitioner asserted ineffective assistance of counsel on this ground, the State argued that he could not show that counsel was deficient but, even if he could, he had not demonstrated prejudice. The trial court denied Petitioner's 3.850 motion, citing the State's response. Petitioner filed a motion for rehearing, which was denied.

Petitioner subsequently filed a petition for belated appeal with the Florida appellate court. The Florida appellate court granted his motion. Petitioner argued that his trial counsel was ineffective for failing to object on Confrontation Clause grounds to the admission of Saks's identification of Petitioner. The Florida appellate court affirmed in a per curiam decision without a written opinion. Petitioner filed a motion for rehearing, which was denied.

### B.    Federal Habeas Corpus Petition

In June 2015, Petitioner filed the present habeas corpus petition pursuant to 28 U.S.C. § 2254. Of relevance, Petitioner asserted that his trial counsel was ineffective for failing to object on Confrontation Clause grounds to the testimony of Officer McCoy regarding Saks's description and identification of Petitioner as the burglar.

The magistrate judge issued a Report and Recommendation ("R&R"), recommending that the § 2254 petition be denied. In particular, the magistrate

5

judge concluded that the state court's denial of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established federal law because Petitioner failed to demonstrate that counsel was deficient.  But to the extent there was any error, the magistrate judge concluded that it was harmless based on the overwhelming evidence of Petitioner's guilt.

Over Petitioner's objections, the district court adopted the R&R and denied the § 2254 petition.  The district court also denied a certificate of appealability ("COA").  A member of this Court later granted Petitioner a COA on the following issue:

> Whether the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when it denied [Petitioner's] claim that his trial counsel rendered ineffective assistance by failing to object on Confrontation Clause grounds to Officer McCoy's testimony concerning a deceased witness's description and identification of the robber.

This Court also appointed Petitioner counsel to represent him on appeal.

## II.    DISCUSSION

### A.    Standard of Review

We review a district court's denial of a habeas petition under § 2254 *de novo*.  *Madison v. Comm'r, Ala. Dep't of Corr.*, 761 F.3d 1240, 1245 (11th Cir. 2014).  Although we review the district court's factual findings for clear error, we review its rulings on questions of law and mixed questions of law and fact *de novo*. *Id.*  An ineffective assistance claim "presents a mixed question of law and fact that

6

we review *de novo*." *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a standard that makes granting habeas relief difficult on a claim that the state court has adjudicated on the merits. *See White v. Woodall*, 572 U.S. __, 134 S. Ct. 1697, 1702 (2014). Under AEDPA, a federal court may only grant habeas relief on a claim if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary" to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by" the Supreme Court or decides a case differently than the Supreme Court when faced with a case involving materially indistinguishable facts. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Moreover, a state court decision constitutes an "unreasonable application" of clearly established federal law, where the court identifies the correct governing principles, but unreasonably applies those principles to a petitioner's case. *Id.* at 1261.

In the present case, the Florida appellate court denied Petitioner's ineffective-assistance claim without a written opinion. Because we interpret the

7

Florida appellate court's decision as a denial on the merits, it is entitled to deference under § 2254(d). *See Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254–55 (11th Cir. 2002) (concluding that the state court's summary denial of a claim is considered an adjudication on the merits for purposes of § 2254(d)(1)). Petitioner must therefore show that there was "no reasonable basis" for the state court's decision. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there is no reasonable basis for the state court to deny relief.").

### B.    Ineffective-Assistance-of-Counsel Claim

To establish ineffective assistance of counsel, a § 2254 petitioner must show that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the petitioner suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104. Because a § 2254 petitioner must establish both *Strickland* prongs to prevail on an ineffective-assistance claim, a court need not consider both prongs if

8

the petitioner fails to show either deficient performance or prejudice.  *Cox v. McNeil*, 638 F.3d 1356, 1362 (11th Cir. 2011).

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."  *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) (quotations omitted).  The Supreme Court has stated that "[t]he question is not whether a federal court believes the state's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quotations omitted).  Courts must ask whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington*, 562 U.S. at 105.

Here, prior to the retrial, Petitioner's trial counsel moved *in limine* to exclude Officer McCoy's testimony regarding Saks's identification of Petitioner as the burglar.  However, trial counsel's objection appears to have been based on hearsay grounds, as she did not specifically object that the testimony would violate the Confrontation Clause.  *See Williams v. State*, 967 So.2d 735, 747 n.11 (Fla. 2007) (explaining that a general objection to inadmissible hearsay does not preserve a Confrontation Clause argument).  But regardless, even if Petitioner's trial counsel rendered deficient performance, it would have been reasonable for the state court to conclude that Petitioner was not prejudiced by trial counsel's failure

9

to object to Officer McCoy's testimony on Confrontation Clause grounds.  That is, Petitioner cannot show a reasonable probability that, but for trial counsel's failure to object to Officer McCoy's testimony on this basis, the outcome of the proceeding would have been different.

Even without Officer McCoy's testimony that Saks identified Petitioner as the burglar, the other evidence presented at trial showed that:  (1) a laptop was stolen from a home around midnight; (2) Officer Dameron observed Petitioner running in the vicinity of the burglary with a laptop; (3) Petitioner refused Officer Dameron's orders to stop and a foot chase ensued; (4) while chasing Petitioner, Officer Dameron observed Petitioner throw a laptop in the bushes; (5) a crack pipe with cocaine residue was found in Petitioner's possession; and (6) Lucien Sirois testified that his bedroom window was broken  and that there was no reason Petitioner should have had his laptop.  Given the other evidence of guilt, the likelihood of a different outcome was not substantial.  *See Harrington*, 562 U.S. at 112 (explaining that to establish prejudice "[t]he likelihood of a different result must be substantial, not just conceivable").  Because the state court had a reasonable basis to conclude that Petitioner had not shown prejudice, the state

10

court's rejection of Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application, of *Strickland*.[3]

For the above reasons, the district court's denial of Petitioner's § 2254 petition is **AFFIRMED**.

---

[3] Petitioner also argues that the district court erred by denying him an evidentiary hearing and that his counsel was ineffective due to a conflict of interest and for failing to object to Saks's identification on hearsay grounds. Because those issues are outside the scope of the COA, we do not address those issues in this appeal. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that appellate review is limited to issues specified in the COA).