[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10012
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cv-80948-WPD

JOSE R. CHEVEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jose R. Chevez, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition. We granted a certificate of appealability as to whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), by misinterpreting and failing to address Chevez's claim that his appellate counsel was ineffective for failing to appeal the denial of his motion for a mistrial.

We review a district court's denial of habeas relief *de novo*. *Gamble v. Sec'y, Florida Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006). The scope of review is limited to the issue specified in the COA. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (addressing a motion to vacate filed under 28 U.S.C. § 2255).

In *Clisby v, Jones*, we held that when a district court fails to address all claims in a habeas petition, we will vacate without prejudice and remand the case for consideration of all remaining claims. 960 F.2d at 938. We have defined a "claim for relief" as "any allegation of a constitutional violation." *Id.* at 936. In *Griffin v. California*, the Supreme Court declared that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965).

2

Upon review of the record, and after consideration of the parties' briefs on appeal, we vacate and remand. As the state concedes, the district court violated *Clisby* by misinterpreting and failing to address Chevez's claim that counsel was ineffective for failing to appeal the denial of his motion for a mistrial. Accordingly, we vacate the district court's judgment, without prejudice, and remand to the district court for consideration of this claim.

**VACATED AND REMANDED.**