[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10863
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60535-AJ


BRUCE BRADBERRY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Bruce Bradberry, a pro se Florida prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition. After review, we vacate and remand for further consideration consistent with this opinion.

In 2005, a jury in Broward County, Florida convicted Bradberry of sexual battery, lewd or lascivious molestation, child abuse, and attempt to contribute to the delinquency of a child. Bradberry is serving a life sentence.

In 2011, Bradberry filed this pro se § 2254 petition raising numerous claims for relief, including three claims that his trial counsel rendered ineffective assistance of counsel during jury selection. Bradberry's § 2254 petition designated these jury-selection claims as Claims 7(a), 7(b), and 7(c). Claim 7(a) alleged that trial counsel was ineffective for failing to object when the state struck six prospective female jurors. Claim 7(b) focused on trial counsel's failure to preserve an objection to the state's motion to strike one particular juror, and Claim 7(c) focused on trial counsel's failure to object to comments by the trial court during voir dire.

The magistrate judge's report ("R&R") recommended that Bradberry's § 2254 petition be denied. With respect to Bradberry's jury-selection claims, however, the R&R addressed only Claims 7(b) and 7(c), and omitted any discussion of Claim 7(a). Although Bradberry's objection to the R&R asserted that

2

the magistrate judge had failed to address Claim 7(a), the district court summarily adopted the R&R and denied Bradberry's § 2254 petition.

This Court granted a certificate of appealability ("COA") on the issue of:

Whether the district court failed to address claim 7(a) in Bradberry's § 2254 petition that his counsel was ineffective for failing to object to the state's removal of prospective female jurors, in violation of Clisby.

In Clisby, this Court instructed district courts to resolve all claims for relief raised in a habeas petition prior to granting or denying relief. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). If the district court does not address all claims prior to issuing judgment, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.[1]

Bradberry argues, and the state concedes, that the district court did not address Bradberry's ineffective assistance of counsel claim in Claim 7(a). We agree. This failure to consider all of the claims set forth in Bradberry's § 2254 petition violates Clisby.

We reject the state's invitation to address the merits of Claim 7(a). Under Clisby, our role is to vacate the judgment "without prejudice" and remand to the district court for consideration of the unaddressed claim in the first instance. Id.

---

[1]In reviewing the denial of a § 2254 petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

3

Furthermore, the merits of Bradberry's Claim 7(a) exceed the scope of our review, which is limited to the Clisby issue specified in the COA.  See Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998).  For these reasons, we vacate the judgment without prejudice and remand the case to the district court to consider Bradberry's Claim 7(a).

**VACATED AND REMANDED.**