[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13057
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01554-RWS

WASEEM DAKER,

Petitioner-Appellant,

versus

CARL HUMPHREY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 25, 2016)

Before WILLIAM PRYOR, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.  We granted a COA as to whether the district court erred in dismissing without prejudice Mr. Daker's *pro se* § 2254 petition for failure to pay the filing fee.  Mr. Daker seeks to present two more points on appeal.  First, Mr. Daker also contends that the district court abused its discretion in determining that he did not qualify to proceed *in forma pauperis* without conducting an adequate factual inquiry into his financial status.  And second, he requests that on remand this Court assign a different judge because the district court judge's impartiality has been called into question.  After review of the record and the parties' briefs, we vacate and remand.

We review *de novo* a district court's dismissal of a state prisoner's petition for habeas relief.  *See Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006).  As to the district court's findings of fact, however, we review only for clear error.  *Id.* Under the clear error standard, we will affirm "unless the record lacks substantial evidence to support that determination."  *Id.* (internal quotation and citation omitted).

The district court erred in dismissing Mr. Daker's petition for failure to pay the filing fee.  Mr. Daker requested an extended deadline to pay the filing fee, and the district court granted that request.  *See* D.E. 18.  The extended deadline for payment of the fee was December 3, 2013, and, according to the docket entry, Mr.

2

Daker paid the filing fee on November 19, 2013. The district court therefore clearly erred in finding that Mr. Daker had not paid the filing fee prior to the extended deadline. *See Arthur*, 452 F.3d at 1243.

We vacate the district court's dismissal of Mr. Daker's habeas corpus petition and remand for further proceedings. Because our review is limited to the issue specified in the COA, *see Murray v. United States*, 145 F.3d 1249, 1250–51 (11thd Cir. 1998), we do not address the additional issues presented by Mr. Daker.

**VACATED and REMANDED.**