[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10645
Non-Argument Calendar
_____

D.C. Docket Nos. 6:12-cv-01870-ACC-GJK; 6:10-cr-00190-ACC-GJK-1

BLAYNE DAVIS,

Petitioner-Appellant.

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2017)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Blayne Davis, a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. After a jury convicted Davis of three counts of wire fraud in connection with a Ponzi scheme, the trial court sentenced him to 36-month concurrent sentences, followed by a three-year term of supervised release. This Court granted a certificate of appealability ("COA") on the issue of whether, at sentencing, Davis' counsel was ineffective for failing to object to the application of a two-level guidelines enhancement for the number of victims under U.S.S.G. § 2B1.1(b)(2)(A). After review, we affirm the district court's denial of Davis's ineffective assistance claim.

## I. INEFFECTIVE ASSISTANCE

To prevail on an ineffective assistance of counsel claim, a defendant must show that: (1) his counsel's performance was deficient, and (2) he suffered prejudice as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In determining whether counsel's performance was deficient, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687-88, 104 S. Ct. at 2064-65. As to the second prong, prejudice is a "reasonable probability that, but for counsel's unprofessional

2

errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

For the reasons below, the district court correctly denied Davis's ineffective assistance claim because Davis did not establish either deficient performance or prejudice as to the application of the victim enhancement under U.S.S.G. § 2B1.1(b)(2)(A).

## II.  DAVIS'S CLAIM

Davis's ineffective assistance claim hinges on his counsel's failure to object to a 2-level enhancement based on the number of victims of Davis's Ponzi scheme. At the time of Davis's sentencing, U.S.S.G. § 2B1.1(b)(2)(A) provided that a defendant's offense level was increased by 2-levels if the offense involved 10 or more, but fewer than 50, victims.  U.S.S.G. § 2B1.1(b)(2)(A) (2011).  The commentary to § 2B1.1(b)(2)(A) defined "victim" as "any person who sustained any part of the actual loss."  U.S.S.G. § 2B1.1 cmt. n.1.  The commentary provided that "actual loss" was "the reasonably foreseeable pecuniary harm that resulted from the offense."  U.S.S.G. § 2B1.1 cmt. n.3(A)(i).

When a defendant challenges the factual basis for a sentencing enhancement, such as the 2-level enhancement under § 2B1.1(b)(2)(A), the government has the burden to prove the disputed fact by a preponderance of the evidence.  United States v. Rodriguez, 732 F.3d 1299, 1305 (11th Cir. 2013).  "While estimates are

permissible, 'courts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines.'" Id. (quoting United States v. Sepulveda, 115 F.3d 882, 890 (11th Cir. 1997)).  More importantly, a sentencing court's fact findings may be based on, among other things, the evidence presented at trial.  United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003).

Here, Davis has not shown that his counsel's failure to object to the 2-level victim enhancement constituted deficient performance.  At trial, nine witnesses—Dana Welk, James Glenn, Richie Anderson, Jaret Glenn, Chris Anderson, Brian Beck, Ricardo Brignole, Mark Jack, and Robin Minall—testified that Davis defrauded them personally through his Ponzi scheme.  In addition, some of these witnesses identified other victims, mostly family, friends, and coworkers, who also lost money in Davis's scheme.

In all, trial testimony identified at least 18 individuals who invested money in Davis's fraudulent scheme, including Betty Anderson, Chris Anderson, Richie Anderson, Brian Beck, Matthew Brice, Rick Brignole, James Glenn, Jaret Glenn, Stuart Glenn, Mike Hindle, Todd Iverson, Jay Jack, Mark Jack, Jeremy Light, Robin Minall, JonMichael Perkins/Mantelli, Steve Vandyke, and Dana Welk.  Most of these individuals were also listed as victims in Davis's presentence investigation report.  While trial testimony established that some of these

individuals recouped their money, some testified that they lost money, and some said that Davis repaid them all or part of their investments, but only after they hired a lawyer who threatened to sue Davis and negotiated a settlement.[1]  See United States v. Lee, 427 F.3d 881, 895 (11th Cir. 2005) (concluding that victims who suffered a monetary loss but eventually were reimbursed are "victims" for purposes of § 2B1.1(b)(2)'s victim enhancement).  One victim, Stuart Glenn, spoke at Davis's sentencing and advised the sentencing court that he never recouped $30,000 of his investment in Davis's scheme.

Davis complains that the jury acquitted him of the conduct charged in Counts 1 and 2, which involved two of the individuals listed in the PSI, Rick Brignole and James Glenn.  As Davis acknowledges, however, a sentencing court may consider acquitted conduct in applying the Sentencing Guidelines and need find facts supporting the sentence only by a preponderance of the evidence so long as the sentence does not exceed the statutory maximum, which in Davis's case it did not.  See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005).  In any event, even without these two individuals, the number of victims identified at trial exceeds ten.

---

[1]To the extent Davis attempts to challenge the sentencing court's determination of the "actual loss" amount or its restitution order, those issues are outside the scope of the COA.  See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (explaining that our review is limited to those issues specified in the COA).

Given the trial testimony establishing over 10 victims of Davis's fraudulent investment scheme, it was reasonable for Davis's counsel to decide not to object to the victim enhancement.  Moreover, any objection to the 2-level victim enhancement would have been meritless given that the government could have met its burden of proof merely by pointing to the trial testimony.  Failing to make a meritless objection does not constitute deficient performance.  Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

For the same reason, Davis also has not shown that his counsel's alleged error prejudiced him.  Had Davis's counsel objected to the 2-level enhancement, the sentencing court would have been able to rely upon the trial testimony of the victim witnesses, discussed above, to find that the 2-level enhancement applied.  Further, the government would have had the opportunity to present more evidence of all of Davis's victims, which clearly exceeded ten in number.  Thus, Davis has not shown a reasonable probability of a different outcome at his sentencing.[2]

---

[2]The government's motion to dismiss Davis's appeal as moot is denied.  Although Davis completed his 36-month prison term while his § 2255 motion was pending in the district court, he remains incarcerated under a different federal sentence in a separate criminal case and has not yet served his three-year term of supervised release in this case.  Thus, Davis's total sentence has not expired, and his appeal of the district court's denial of his § 2255 motion to set aside that total sentence is not moot.  See Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (stating that, once a defendant's sentence expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"); Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (rejecting mootness challenge to a § 2241 petition attacking the length of the petitioner's prison term because the petitioner was "still serving his term of supervised release, which [was]

**AFFIRMED.**

---

part of his sentence and involves some restrictions on his liberty," and success on the petition could alter the length of his supervised release term).