[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13671
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23014-FAM

ERIC WILSON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 30, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Eric Wilson filed a pro se habeas corpus petition under 28 U.S.C. § 2254 alleging ineffective assistance of trial counsel.  The district court denied Wilson's petition.  Wilson now appeals, arguing that the state violated his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986), because the reason the state gave for striking two African American jurors was equally applicable to a Caucasian juror that was not stricken.  Wilson's *Batson* argument is outside the scope of the Certificate of Appealability (COA).[1]  And in any event, Wilson has failed to meet his burden to show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  We affirm.

## I.

We review a district court's denial of a § 2254 petition de novo.  *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016).  We will not decide any issue not specified in the COA.  *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).  Whether an issue is specified in the COA is determined in light of the pleadings and other parts of the record.  *Id.*  We also liberally construe arguments in a pro se prisoner's brief.  *White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995).

---

[1] The state also argues that Wilson failed to exhaust his claim in the post-conviction court. *See* 28 U.S.C. § 2254(b)(1)(A).  Because we conclude that Wilson's argument is meritless, we decline to consider whether it was properly exhausted.  28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

The arguments in Wilson's brief are outside the scope of the COA. The district court only granted a COA on Ground 13. Ground 13 pertained to whether trial counsel was ineffective under *Strickland* for failing to preserve for direct appeal the variance in treatment between the two African American jurors and the similarly situated Caucasian juror. The district court specifically explained that it was not granting a COA on Ground 1. In Ground 1, Wilson argued that the state violated his rights under *Batson* because the reason for striking the two African American jurors was equally applicable to the Caucasian juror. Wilson's COA was thus expressly limited to the *Strickland* claim. Even so, Wilson's brief focuses exclusively on his Ground 1 argument that the state's race-neutral reason for striking the two African American jurors was not genuine. Wilson does not cite *Strickland* in his opening brief, let alone demonstrate that he could satisfy *Strickland*'s high burden.

## II.

To the extent that we liberally construe Wilson's brief to be within the scope of the COA, his claim fails. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable

3

determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  While we review the district court's decision de novo, our review of the state habeas court's decision is with deference.  *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).  Under AEDPA, this standard is highly deferential, and demands that state court decisions be given the benefit of the doubt.  *Renico v. Lett*, 559 U.S. 766, 773 (2010).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  The petitioner must show that the state court's error was so unjustified under existing law that the ruling was beyond any possibility for fair minded disagreement.  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

For ineffective assistance of counsel claims raised in a § 2254 petition, the inquiry turns upon whether the relevant state court decision was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).  To succeed on an ineffective assistance of counsel claim, a defendant must show both that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.

4

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The petitioner must show that the likelihood of a different result is substantial. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). When counsel fails to object to the specific *Batson* grounds raised in a § 2254 petition, we focus on the likelihood of a more favorable result at trial. *See Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1314 (11th Cir. 2003).

Wilson has failed to meet his burden of showing that the state court's decision was an unreasonable application of *Strickland* by finding that he failed to show that any ineffectiveness prejudiced the outcome of his trial. *See Richter*, 562 U.S. at 112. Even liberally construing his brief, Wilson's only argument is that a more racially balanced jury would have been less likely to convict him. This conclusory argument falls short of showing a substantial likelihood of a different result. *See Strickland*, 466 U.S. at 694; *Richter*, 562 U.S. at 105.

To the extent Wilson's brief is within the scope of the COA, he has failed to meet his burden of showing prejudice under *Strickland*.[2] We therefore affirm.

**AFFIRMED.**

---

[2] Because Wilson has failed to show prejudice, we decline to consider whether he established that his trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 697.