[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10521
Non-Argument Calendar

_____

D.C. Docket Nos. 5:18-cv-00195-RH-CJK; 5:14-cr-00017-RH-CJK-1

LOUIS REED, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 24, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Louis Reed, Jr., a *pro se* federal prisoner who will serve a 13-month total sentence for theft of government funds and making false statements, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.  On appeal, Reed argues that the district court abused its discretion when, without first ordering an evidentiary hearing, it denied his claims that his attorney rendered ineffective assistance.[1]

We review for abuse of discretion a district court's denial of an evidentiary hearing in a § 2255 proceeding.  *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).  A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect way, follows improper procedures in making a determination, or clearly errs in making its factual findings.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  "[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA."  *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

---

[1] After the district court granted a certificate of appealability ("COA") on the issue of whether there should have been an evidentiary hearing on ineffective assistance of counsel, Reed raised another issue:  whether counsel was ineffective in failing to argue for a third-point reduction for acceptance of responsibility, even though Reed's offense level was less than 16.  On appeal, Reed attempted to fit this argument under the COA, but this argument falls beyond the COA's scope.  See *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).  The argument was not before the district court when it denied Reed's § 2255 motion and issued the COA.  We therefore do not address the argument or consider expansion of the COA.

The district court is not required to grant an evidentiary hearing in a § 2255 case where the files and records of the case conclusively show that the movant is entitled to no relief. *Rosin*, 786 F.3d at 877.  However, the district court should grant an evidentiary hearing and rule on the merits of a movant's claim if he alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief. *Winthrop-Redin*, 767 F.3d at 1216.   Accordingly, the district court must accept as true the movant's specific factual allegations in determining whether he is entitled to an evidentiary hearing.  *Griffith v. United States*, 871 F.3d 1321, 1330 n.9 (11th Cir. 2017).  Nevertheless, an evidentiary hearing is unnecessary where the movant's allegations are affirmatively contradicted by the record, based on unsupported generalization, or patently frivolous. *Winthrop-Redin*, 767 F.3d at 1216.  Dismissal is also appropriate where a movant has presented conclusory allegations unsupported by specific factual assertions.  *Id.*

Generally, we analyze ineffective-assistance-of-counsel claims under *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), which requires an attorney's performance to fall below objective standards of reasonableness, and the movant to show that the result of the proceeding would have been different had his attorney acted properly.  In a plea context, this requires the movant to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not

3

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

Concerning the COA issue, Reed has failed to show that the district court abused its discretion in refusing to grant him an evidentiary hearing on his ineffective-assistance-of-counsel claim (relating to his claim for credit) because he failed to allege specific facts showing he was entitled to relief. *See Winthrop Redin*, 767 F.3d at 1216.   In his original § 2255 motion, and on appeal, Reed asserted that his counsel misled him and falsely promised that he would receive credit in return for pleading guilty.  However, these assertions are plainly refuted by the record. During the plea colloquy, Reed stated under oath that the plea agreement represented his entire agreement with the government, there were no undisclosed promises not contained in the plea agreement, and nobody made him any promises that caused him to plead guilty, other than what was contained in the plea agreement. Additionally, Reed acknowledged during the colloquy that he understood he could not back out of his guilty plea if his counsel miscalculated his prison sentence. Accordingly, his arguments that he was relying on the credit in pleading guilty directly contradict that sworn testimony.

Finally, Reed has failed to allege any facts, other than general assertions, showing that he would have proceeded to trial had he not been misled.  *See Hill*, 474 U.S. at 59.  As the district court noted, Reed altogether failed to explain not receiving

4

credit for his six months' detention (during which he received state credit for unrelated charges) would have made him plead not guilty in his federal case. Plus, Reed failed to object to his consecutive state and federal sentences at sentencing. Moreover, Reed only first raised his claim to credit nine months after entering his guilty plea. In addition, logically, it makes little sense that knowing he would not receive credit for the six months' detention would have caused him to plead not guilty, as Reed's guideline sentence would have increased by five months, anyway, had he not pled guilty.

Here, the district court did not abuse its discretion in denying Reed's § 2255 motion without first holding an evidentiary hearing. Accordingly, we affirm.

**AFFIRMED.**