[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13866

Non-Argument Calendar

_____

JOEL HERNANDEZ,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-01234-SDM-CPT

_____

Before BRASHER, ABUDU, and HULL, Circuit Judges.

PER CURIAM:

Joel Hernandez, a Florida state prisoner, is serving two consecutive life sentences for capital sexual battery under Fla. Stat. § 794.011(2)(a) (2008). Hernandez, *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.

On appeal, Hernandez argues that he was denied effective assistance of trial counsel because his attorney failed to object to the prosecutor's alleged improper closing arguments to the jury. In post-conviction proceedings, the state courts determined that objection, even if made, lacked merit and Hernandez's trial counsel's performance was not deficient in not objecting. After review, we conclude that the state courts' decision was not contrary to, or involved an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Thus, we affirm the district court's denial of Hernandez's § 2254 petition.

## I.    PROCEDURAL HISTORY

### A.    Information and Sentences

On October 24, 2013, the State of Florida filed a third amended felony information charging Hernandez with two counts of capital sexual battery under Fla. Stat. § 794.011(2)(a).

Specifically, the information alleged that Hernandez, while over the age of 18, committed sexual battery against a minor victim under the age of 12. After a three-day jury trial in 2014, Hernandez was convicted of the charged crimes and sentenced to two consecutive terms of life imprisonment.

**B.     Trial Evidence**

During the trial, the State presented seven witnesses: (1) the child victim, Hernandez's stepdaughter; (2) the child victim's father; (3) the child victim's mother; (4) the road patrol corporal with the Pasco County Sheriff's Office who responded to the father's sex offense call; (5) the nurse practitioner who examined the child victim; (6) the child victim's cousin, as a similar fact witness; and (7) the Pasco County Sheriff's Office detective who investigated the alleged sex offense.

The State introduced testimony that Hernandez was the child victim's live-in stepfather and that he placed his penis in the child victim's anus multiple times when she was under the age of 12. The child victim testified that Hernandez would offer her money or would promise her sleepovers with her friends in exchange for sexual favors. The child victim's father testified that the child victim told him that Hernandez was "raping her before for a long time" and that she was afraid to tell anyone because Hernandez had threatened her. The child victim's mother testified that the child victim told her that Hernandez entered her room, that the child victim complained of bleeding from her anus, and

that the child victim once handed her a bottle of eye drops filled with personal lubricant.

The child victim's cousin testified that, when she was a minor, Hernandez attempted to convince her to engage in sexual acts with him by offering her money. The cousin also testified that Hernandez touched her bottom and asked her to go into another room with him, pinned her to a bed and kissed her neck, and pulled his penis out while they were watching a movie.

## C.    Closing Arguments and Direct Appeal

The prosecutor's rebuttal closing arguments are the focus of this appeal. Therein, the prosecutor likened the trial to a "crucible" for the child victim, stating:

> There is a word, crucible. Crucible is a severe or certain test or trial[,] and I don't mean trial in a legal sense, but a trial is really a crucible. It is a process[,] it is a difficult process. It is a long process and it is intended to sort of grind slowly, and eventually to come up with a result through the difficulty of a child having come into court and testify in front of the guy that was her father, right? Who essentially was acting as her father, testify in front of him about what he did to her when she was a little girl.
>
> And I mean, that is difficult. That is a crucible that she has had to go through along with all the other interviews and examinations and all the rest that has occurred. So cross-examination is a crucible. It is when the Defense gets up. They get to ask questions.

They get to make accusations.  So it is through this crucible that we get the truth, right?

. . . .

[The child victim] testified in this case, and you had the opportunity to see her as she went through this crucible of testifying about unspeakable things in front of strangers, all of us, in front of all of us about things including by the way her step-father who did this to her.  So she had to get up on the witness stand and tell you in a public forum about things--

The prosecutor also asked the jury to imagine the courage it took for the child victim to disclose her sexual abuse, stating:

The Defendant's crimes were hidden in plain sight.  [The child victim]'s mother didn't see it because she wasn't looking.

And I want [to] just throw this out there, you know, the defense says well, [the child victim] saw what happened with [the child victim's cousin] . . . . But stop and think what the lesson of [the child victim's cousin] case was to a child like [the child victim].

The lesson was, I submit that your mom might not believe you.  And the defendant, the guy who did this may end up living in the house with you and you may have to see him again.  So imagine the courage it must have taken for her to disclose this even to her brothers.

Hernandez's trial counsel did not object to these rebuttal closing arguments as golden rule arguments.

As noted above, the jury convicted Hernandez. Hernandez appealed his capital sexual battery convictions to Florida's Court of Appeals. On February 17, 2016, the Florida appellate court affirmed Hernandez's convictions and sentences. *Hernandez v. State*, 186 So. 3d 1031 (Fla. Ct. App. 2016).

## D.     Post-Conviction 3.850 Motion and Appeal

On July 5, 2016, Hernandez, *pro se*, filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 in the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pasco County (the "3.850 State Court"). On December 1, 2016, Hernandez, *pro se*, filed a timely second amended Rule 3.850 motion for post-conviction relief. Hernandez's 3.850 motion raised four claims of ineffective assistance of trial counsel.

First, Hernandez claimed that counsel's "failure to object to the prosecutor's improper 'golden rule' argument was deficient performance which amounted to ineffective assistance of counsel." (Font altered). Second, Hernandez claimed "out-of-court statements elicited by the prosecutor violated defendant's right to confrontation, and counsel's failure to object allowed the violation of the defendant's rights under the confrontation clause to go unchallenged." (Font altered). Third, Hernandez asserted that counsel's failure "to object on grounds of hearsay" constituted deficient performance. Finally, Hernandez asserted that counsel failed to adequately investigate his case before trial.

22-13866                Opinion of the Court                7

On December 27, 2016, the 3.850 State Court denied Hernandez's motion for post-conviction relief.  As relevant to this appeal, the 3.850 State Court stated that under Florida law, the State is prohibited from (1) making the golden rule argument "that invite[s] the jurors to place themselves in the victim's position *during the crime* and imagine the victim's suffering," *Mosley v. State*, 46 So. 3d 510, 520 (Fla. 2009), and (2) also "from creating an imaginary first-person script depicting the victim's suffering or death," *Braddy v. State*, 111 So. 3d 810, 849 (Fla. 2012).

Ultimately, the 3.850 State Court determined that the prosecutor's closing arguments were not prohibited because (1) "the prosecutor's statements did not invite the jury to put themselves in the victim's position during the crime" and (2) "the prosecutor's comments did not create an imaginary script for the victim at all, let alone one depicting her suffering."  Instead, the prosecutor's comments pertained to the difficultly the child victim went through in testifying at trial and the courage it took to disclose what had happened to her.

Therefore, the 3.850 State Court found that trial counsel's performance was not deficient because the prosecutor's comments were not golden rule arguments and an objection on that ground could not have properly been sustained.  *See Schoenwetter v. State*, 46 So. 3d 535, 546 (Fla. 2010) (holding that trial counsel's performance cannot be deemed deficient for failing to raise a meritless objection).  Finding that Hernandez could not meet the

deficient performance prong of *Strickland v. Washington*, the 3.850 State Court declined to address prejudice.

Hernandez appealed. On December 15, 2017, the Florida Court of Appeals summarily affirmed the denial of his Rule 3.850 motion. *Hernandez v. State*, 241 So. 3d 115 (Fla. Ct. App. 2017).

### E.    Federal § 2254 Proceedings

On June 27, 2018, Hernandez filed an amended 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Middle District of Florida. Ground one alleged all grounds from Hernandez's direct appeal and ground two alleged all grounds from Hernandez's 3.850 motion for post-conviction relief. Hernandez alleged, *inter alia*, that his trial counsel was constitutionally deficient for failing to object to the prosecutor's alleged golden rule arguments during rebuttal closing arguments. In response, the State argued that Hernandez's petition should be denied for various reasons.

In his reply, Hernandez reiterated his arguments about the golden rule and asserted that the district court should give no deference to the Florida Court of Appeals' denial of his ineffective trial counsel claims because the denial was not adjudicated on the merits by Florida's highest state court.

On February 28, 2019, the district court denied Hernandez's § 2254 petition. Relevant to this appeal, the district court concluded that (1) Hernandez's ineffective trial counsel claims were adjudicated on the merits in state court and (2) the trial record showed the prosecutor's statements were not golden rule

arguments, "as the post-conviction court determined by examining the statements in context, and by applying Florida law." Therefore, Hernandez's claims necessarily failed because trial counsel did not perform deficiently.

Although the 3.850 State Court did not rule on prejudice, the district court determined that Hernandez could not establish prejudice.   The district court found that the prosecutor's statements did not prejudice Hernandez because: (1) they "were very limited in scope"; (2) they "were not improper golden rule arguments under the law"; and (3) "the evidence of Hernandez's sexual abuse of the child victim was very strong."   The district court observed that the offense: (1) was not an isolated incident; (2) occurred repeatedly "over a two or so year period of time"; and (3) was corroborated by evidence of Hernandez's sexual abuse of the child victim's cousin.  The district court found that "[t]here is no reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."

In denying Hernandez's § 2254 petition, the district court concluded that Hernandez failed to meet his burden of proving that the state courts unreasonably applied federal law in *Strickland*, or unreasonably determined the facts in rejecting his claims.

This Court granted a certificate of appealability ("COA") on only this issue: "Did Hernandez's trial counsel provide ineffective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668

(1984), by failing to object to the state's allegedly improper 'golden rule' argument during closing arguments?"[1]

## II.    STANDARD OF REVIEW

In reviewing the district court's denial of a § 2254 petition, we review *de novo* questions of law and mixed questions of law and fact, and we review findings of fact for clear error. *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 948 (11th Cir. 2016). "We review *de novo* the district court's decision about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation marks omitted).

## III.    DISCUSSION

### A.    28 U.S.C. § 2254(d)

Under § 2254(d), federal courts may grant habeas relief on claims previously adjudicated on the merits in state court only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of

---

[1] We do not address Hernandez's argument regarding improper witness bolstering because it falls outside the scope of the COA. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that "in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA").

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).[2]

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Hardy v. Cross*, 565 U.S. 65, 66 (2011) (quotation marks omitted). The standard is "doubly deferential" when evaluating the performance prong of a claim of ineffective assistance of counsel under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Jenkins v. Comm'r, Ala. Dep't of Corr.*, 963 F.3d 1248, 1265 (11th Cir. 2020). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles*, 556 U.S. at 123 (quotation marks omitted).

For ineffective counsel claims, a § 2254 petitioner must demonstrate that his Sixth Amendment right to counsel was violated because (1) his counsel's performance was deficient,

_____

[2] Under § 2254(d), we evaluate the highest state court decision that evaluated the claim on the merits. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Here, the highest state court decision, the Florida Court of Appeals' affirmance of the 3.850 State Court's denial of Rule 3.850 motion, does not give reasons for its summary affirmance. *See Hernandez*, 241 So. 3d at 115. Therefore, we must "look through" the Florida appellate court's decision to the 3.850 State Court's opinion and presume that the Florida Court of Appeals' decision adopted the same reasoning. *See Wilson v. Sellers*, 584 U.S. ----, 138 S. Ct. 1188, 1192 (2018) (quotation marks omitted).

meaning that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense, meaning that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 697 (1984). Because the petitioner must satisfy both prongs of *Strickland*, a court need not address one prong, if the other is not satisfied. *Id.* at 697.

## B.    Deficient Performance Prong

To show deficient performance, the petitioner must demonstrate that trial counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. "[C]ounsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quotation marks omitted). Counsel's performance is deficient only if it falls below the wide range of competence expected of attorneys in criminal cases. *See Strickland*, 466 U.S. at 690. The burden is on the defendant to prove "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "[A]ny deficiencies of counsel in failing to raise or adequately pursue [meritless issues] cannot constitute ineffective assistance of counsel." *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009).

Here, there is an additional layer of deference. "[A]lthough the issue of ineffective assistance—even when based on counsel's failure to raise a state law claim—is one of constitutional dimension, we must defer to the state's construction of its own law when the validity of the claim that . . . counsel failed to raise turns on state law." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quotation marks omitted).

A review of the record supports the 3.850 State Court's conclusion that Hernandez failed to show that his trial counsel's performance was deficient under *Strickland*. *See Strickland*, 466 U.S. at 687-88. Florida law prohibits arguments at trial that violate the golden rule. *Bailey v. State*, 998 So. 2d 545, 555 (Fla. 2008). Under Florida law, golden rule arguments are ones that "invite the jurors to place themselves in the victim's position during the crime and imagine the victim's suffering." *Mosley*, 46 So. 3d at 520.

Applying Florida law, the 3.850 State Court concluded that the State's rebuttal closing arguments were not golden rule arguments and were not improper nor legally objectionable. The 3.850 State Court determined that the prosecutor's remarks concerned the difficultly the child victim went through in testifying at trial and the courage it took to disclose what had happened to her. The prosecutor did not suggest that the jurors place themselves in the child victim's position and imagine what she experienced during the crime. *See id.*

Accordingly, the 3.850 State Court found that (1) Hernandez's argument that the prosecutor improperly

advanced golden rule arguments during closing arguments was meritless, (2) counsel's objection would not have been meritorious, and (3) thus, trial counsel's performance was not ineffective under *Strickland*. *See Strickland*, 466 U.S. at 688, 690; *Owen*, 568 F.3d at 915; *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (stating counsel is not ineffective for failing to raise a non-meritorious objection). And the Florida appellate court summarily affirmed. *See Hernandez*, 241 So. 3d at 115; *see also supra* note 2.

In this appeal, Hernandez has not carried his burden to show that the Florida state courts' decision was contrary to, or an unreasonable application of, established federal law.

## IV.    CONCLUSION

For the reasons stated above, we affirm the denial of Hernandez's § 2254 petition.

**AFFIRMED.**